# H. L. QUINN *v.* J. T. HESTER.*

## (*Jackson.* April Term, 1916.)

1. **TAXATION.** .Special statutes. .Constitutionality.

   Chapter 667, Priv. Acts 1915, incorporating a school district, levying a school tax on such district, and providing for its collection by the county trustee, is not in contravention of constitution article 2, section 29, forbidding the delegation of the power of taxation except to counties or incorporated towns. (*Post, pp.* 376, 377.)

   Acts cited and construed: Priv. Acts 1915, ch. 667.

   Cases cited and approved: Keesee v. Civil District, 46 Tenn., 127; Waterhousev. Cleveland Pub. Schools, 55 Tenn., 857; Lipscomb v. Dean, 69 Tenn., 546, Smith v. Carter, 131 Tenn., 1.

   Constitution cited and construed: Sec. 28, art. 2; Sec. 29, Art. 2.

2. **TAXATION.** Special statutes. Constitutionality.

   Nor is it in contravention of constitution article 2, section 28, requiring equality and uniformity of taxation, since such constitutional provision does not prevent local taxation for local purposes. (*Post, pp.* 377, 378).

   Case cited and approved; Louisiana v. Pilsbury, 105 U. S., 278.

   Case cited and distinguished: King v. Sullivan County, 128 Tenn., 393.

   Constitution cited and construed: Art. 2, sec. 28.

3. **STATUTES.** Constitutionality of special acts.

   Nor is it contravention of constitution article 11, section 8, providing that the legislature shall have no power to suspend any general law for the benefit of any particular individual, etc., since such constitutional provision does not inhibit legislation respecting municipal or public corporations. (*Post, pp.* 378-380.)

---

*On special assessment as a tax see note in 3 L. R. A. (N. S.), 837.

As to what boards or bodies the power of taxation may be delegated see notes in 15 L. R. A. (N. S.), 61; 32 L. R. A. (N. S.), 1078.

Cases cited and approved: Reelfoot Lake Levee Dist. v. Dawson, 97 Tenn., 151; Ballentine v. Pulaski, 83 Tenn., 633; State v. Wilson, 80 Tenn., 246; Williams v. Nashville, 89 Tenn., 487; Redist. Cases, 111 Tenn., 234; Todtenhausen v. Knox Co., 132 Tenn., 169; State ex rel. v. Cummings, 130 Tenn., 566.

Constitution cited and construed: Sec. 29, art. 2; Sec. 8, Art.11.

4. **TAXATION.** Legislative power to levy local taxes.

In the absence of constitutional restriction, the legislature has plenary power to levy taxes for local purposes. (*Post, pp.* 378-380.)

5. **CONSTITUTIONAL LAW.** Legislative power. Policy.

The power of legislature is limited only by the Constitution, and its acts cannot be declared unconstitutional merely for reasons of policy. (*Post, pp.* 380, 381.)

Cases cited and approved: Demoville v. Davidson County, 87 Tenn., 214; Re Forked Deer Drainage Dist., 133 Tenn., 684; Arnold v. Knoxville, 115 Tenn., 195; State ex rel. v. Powers, 124 Tenn., 553.

---

FROM CARROLL

---

Appeal from the Chancery Court of Carroll County.—J. W. Ross, Chancellor.

P. W. Maddox, for appellant.

Jno. T. Peeler, for appellee.

Mr. Justice Green delivered the opinion of the Court.

The bill in this case challenges the constitutionality of chapter 667 of the Private Acts of 1915. This stat-

ute undertook to create a school district in Carroll county, and to levy a tax for school purposes within this district. The bill sought to enjoin the collection of said tax. A demurrer was filed which the chancellor overruled; he being of opinion that the statute was invalid. The defendant has appealed to this court.

The statute in question undertook to incorporate the "Trezevant special school district" in Carroll county, defined its boundaries, named the first school board, provided for the election of their successors, and set out the powers and duties of said board or corporation. It was enacted that the trustee of Carroll county, within which the district lay, should apportion to the school district its *pro rata* share of the county school fund and its *pro rata* share of the State school fund paid to the county by the State, for the support of the schools which said corporation was authorized to maintain. The legislature levied a tax of forty cents on every $100 worth of taxable property, both real and personal, within said school district, and a poll tax of $1 on all male persons between the ages of twenty-one and fifty years within said school district. The basis of assessment was the assessed value of the property in said district as shown by the books of the county trustee, and it was provided that this special tax be collected in the same manner and at the same time as all other taxes were collected under the general laws of the State by the county trustee.

Other provisions of the act are not material to the questions before us for decision.

Several constitutional objections are urged against the statute, all of which, however, may be grouped under three heads:

(1) It is said that the act is in contravention of section 28 of article 2 of the Constitution as to uniformity of taxation.

(2) That the act is in contravention of section 29, art. 2, of the Constitution, which impliedly forbids the general assembly to delegate the power of taxation except to counties or incorporated towns.

(3) That the act contravenes section 8, art. 11, of the Constitution, which declares that the legislature shall have no power to suspend any general law for the benefit of any particular individuals, etc.

Considering the second objection first, an examination of the act shows that there has been no attempt whatever to delegate the power of taxation. The tax for which the act provides is imposed directly by the legislature. No discretion whatever concerning the imposition of this tax is left to the school district. The rate of the tax is fixed and the levy is made by the statute, and the collection of the tax committed to the county trustee, who is directed to collect it along with all other taxes according to the general laws of the State. Inasmuch as there is no attempted delegation of authority to the school district, section 29 of article 2 of the Constitution has no application. *Keesee* v. *Civil District,* 46 Tenn. (6 Cold.), 127, *Waterhouse* v. *Cleveland Public Schools,* 55 Tenn. (8 Heisk.), 857, *Lipscomb* v. *Dean,* 69 Tenn (1 Lea), 546,

and *Smith* v. *Carter,* 131 Tenn., 1, 173 S. W., 430, are not in point.

The provisions of section 28 art. 2, of the Constitution requiring equality and uniformity of taxation throughout the State do not prevent local taxation for local purposes. Such provisions do not demand equality and uniformity as between different localities in the matter of local taxation. Such local taxes must merely be equal and uniform in the district to which they apply.

This court has said:

"The uniformity required by section 28, article 2, is limited to uniformity in rate assessment and valuation of the particular tax involved. It has no reference to a uniformity of the sum total of taxes which a citizen is required to pay; that is, it does not require that the total taxes assessed against property situated in a municipality shall not exceed the sum total of taxes assessed against property located outside of a municipality. It does require that there shall be uniformity of valuation and assessment of property for purposes of taxation, and that the tax levy for any given purpose shall be uniform through the territory to which it is applied." *King* v. *Sullivan County,* 128 Tenn., 393, 160 S. W., 847.

Most of the States have similar constitutional provisions, and such constitutional provisions have universally been construed as just indicated. 37 Cyc., 734, and cases cited. Such construction has received .

approval of the supreme court of the United States in *Louisiana* v. *Pilsbury,* 105 U. S., 278, 26 L. Ed., 1090.

The very language of section 29 of article 2 of the Constitution which authorizes the legislature to delegate to counties and municipalities the power to impose taxes for county and corporation purposes concedes the power to impose such taxes to be in the legislature; for power cannot be delegated unless possessed. In the Constitutions of several of the States are to be found provisions restricting the legislature from levying local taxes for local purposes. In the absence of such restriction, such power is plenary.

We have not been able to discover any constitutional objection to the creation of this special school district by the legislature.

In *Reelfoot Lake Levee District* v. *Dawson,* 97 Tenn., 151, 36 S. W., 1041, 34 L. R. A., 725, this court approved the statement of Judge Cooley to the effect that taxing districts within a State may be as numerous as the purposes for which taxes are levied. Cooley on Taxation, section 151.

In *Reelfoot Lake Levee District* v. *Dawson,* supra, the court was considering the validity of an act which created a levee district and conferred the power of taxation upon that district. The act was held invalid as an unauthorized attempt to delegate the taxing power, and because the taxes proposed to be levied were not equal and uniform.

The court, however, expressed the opinion that a levee district might be created by special law; that

it was not a private corporation, and not within the
constitutional prohibition that "no corporation shall
be created . . . by special law." The court was
further of opinion that the general assembly might by
direct legislation conforming to constitutional require-
ments, but not by delegation of the taxing powers,
provide for local assessments upon the property in a
levee district for the benefit and protection of its prop-
erty and inhabitants.

It has not been doubted in Tennessee since *Ballen-
tine* v. *Pulaski,* 83 Tenn. (15 Lea), 633, that a tax for
school purposes was a tax for the public benefit and
within the taxing power. Therefore it was competent
for the legislature to establish this school district in
furtherance of a laudable public purpose, and to
directly levy a. tax for the support of the said instru-
mentality of the State.

In reply to the third objection to the act that it sus-
pends general statutes for the benefit of this school
district, in violation of section 8 of article 11 of the
Constitution, we may observe that it has been settled
by a long line of cases in Tennessee that the constitu-
tional provision referred to does not inhibit special
legislation respecting municipal corporations. *State*
v. *Wilson,* 80 Tenn. (12 Lea), 246; *Ballentine* v. *Pu-
laski,* 83 Tenn. (15 Lea), 633; *Williams* v. *Nashville,*
89 Tenn., 487, 15 S. W., 364; *Redist. Cases,* 111 Tenn.,
234, 80 S. W., 750; *Todtenhausen* v. *Knox County,* 132
Tenn., 169, 177 S. W. 487.

This school district is not a municipal corporation under our cases in the sense that it can be authorized to impose taxes. As said of the levee district however, in *Reelfoot Lake Levee District* v. *Dawson,* supra, it is clearly not a private corporation. The school district is a public corporation. It is, as said of the county in *State ex rel.* v. *Cummings,* 130 Tenn., 566, 172 S. W., 290, L. R. A., 1915D, 274, "but an emanation from the State."

Like a municipal corporation, this school district is a mere arm or instrumentality of the government "created exclusively for public purposes, subject to the unlimited control of the legislature." *State* v. *Wilson,* supra.

We think the reasoning of all the cases upholding special legislation respecting towns, cities, and counties is equally applicable in support of the special legislation with respect to this school district, and, applying said reasoning to the case before us we are convinced that the statute in question does not contravene section 8, art. 11, of the Constitution.

The arguments made against the validity of this statute when analyzed reduce themselves to questions of policy, with which, this court has nothing to do. The power of the legislature is limited only by the Constitution, and when we come to search the Constitution we find no provision thereof forbidding the enactment of such law.

Some question is made in argument because the said school district includes the town of Trezevant. It is

said that the town of Trezevant is authorized under
its charter to impose a special school tax, and that the
inhabitants of the town could not be burdened with
a school tax imposed both by the town and by the
school district, inasmuch as the inhabitants of the
school district outside the town would not be equally
taxed. It does not appear from the bill that the town
of Trezevant has ever levied any school tax. It may
never do so. It will be time enough to deal with this
question when it arises.

The power of the State to assess taxes itself for
municipal or local purposes is recognized in *Demo-
ville* v. *Davidson County,* 87 Tenn., 214, 10 S. W., 353.
In the late case of *Re Forked Deer Drainage District,*
133 Tenn., 684, 182 S. W., 237, a drainage district was
again declared to be a governmental agency. This
case following *Arnold* v. *Knoxville,* 115 Tenn., 195, 90
S. W., 469, 3 L. R. A. (N. S.), 469, 3 L. R. A. (N. S.),
837, 5 Ann. Cas., 881, and *State ex rel.* v. *Powers,* 124
Tenn., 553, 137 S. W., 1110, sustained the special as-
sessments upon the property benefited, authorized by
the act in question. The assessments involved in the
case before us are not special assessments so called,
but are taxes. Nevertheless, since the power to im-
pose them was not delegated, but directly exercised by
the legislature, the case in its other features is not
materially different from the cases just mentioned.

The demurrer to the bill herein filed is sustained.
The decree of the chancellor reversed, and the bill dis-
missed at complainant's cost.