# H. G. HILL et al. v. A. H. ROBERTS, Governor, et al.

## (Nashville.  December  Term,  1919.)

1. **STATUTES.**  Construed together when relating to same subject.
   If the court can see from an inspection of several statutes that they relate to the same subject, they will be construed together although there is no direct reference in any one to any other.  (*Post, pp.* 220, 221.)

Acts cited and construed: Acts 1919, ch. 122, 791.

Case cited and approved: Bird v. State, 131 Tenn., 518.

2. **STATUTES.**  Statutes in pari materia when enacted at same session.
   The rule of construing statutes *in pari materia* is of peculiar force when such statutes were enacted at the same session of the legislature.  (*Post, pp.* 220, 221.)

3. **ARMY AND NAVY.**  Acts concerning soldiers' memorial construed as in pari materia.
   Pub. Acts 1919, chapter 122, and Priv. Acts 1919, chapters 745, 791, are all in furtherance of a general scheme formulated by the legislature, whereby Nashville, Davidson county, and the State of Tennessee were to unite in the construction of a grand memorial to the soldiers and sailors of the World War, and should be construed together as one act.  (*Post, pp.* 221, 222.)

4. **TAXATION.**  Statute requiring tax levy by county and city not invalid.
   Assuming that Priv. Acts 1919, chapter 745, and chapter 791, relating to a soldiers' and sailors' memorial, require a mandatory tax levy by the county of Davidson and by the city of Nashville in aid of bonds authorized by such statutes, they do not, for that reason, violate Const., article 2, section 29, as to delegation of legislative power to tax.  (*Post, p.* 222.)

Cases cited and approved: Vertrees v. State Board of Elections, 141 Tenn., 645; Demoville v. Davidson County, 87 Tenn., 214; State

Hill v. Roberts.

ex rel. v. Cummings, 130 Tenn., 566; Quinn v. Hester, 135 Tenn., 373; Berry v. Shelby County, 139 Tenn., 532.

5. **TAXATION.** No restrictions on state's power inferred.

No constitutional restriction upon a State's power to tax will be inferred. (*Post, p.* 222.)

6. **TAXATION.** State may direct county or city to levy tax.

. A State, having full control of counties and cities, in the matter of taxation at least, may authorize them to levy a tax, or may direct them to levy a tax, or may itself directly tax for their benefit. (*Post, pp.* 222, 223.)

7. **STATUTES.** Only one subject embraced in statute authorizing soldier's memorial.

Pub. Acts 1919, chapter 122, relating to a memorial to soldiers and sailors of the war with Germany, did not violate Constitution, article 2, section 17, by embracing more than one subject not expressed in its title; the Capitol Annex, parks, new street and other things being but a part of the general scheme of the plan expressed in its title. (*Post, p.* 223.)

8. **ARMY AND NAVY.** Capitol Annex an integral part of soldiers' and sailors' memorial.

Pub. Acts 1919, chapter 122, section 2, subsec. (d), did not authorize the memorial commission to dislocate the Capitol Annex from the site provided for the laying out and erection of a grand memorial to the soldiers and sailors of the war with Germany. (*Post, pp.* 223-225.)

9. **ARMY AND NAVY.** Memorial commission authorized to interchange location of buildings.

Under Pub. Acts 1919, chapter 122, and Priv. Acts 1919, chapters 745 791, relating to the construction of a grand memorial to the soldier's and sailors of the war with Germany, the memorial commission is authorized to transpose or interchange the location of the parks and buildings from one to another of the four squares that will be formed around the intersection of Capitol boulevard and the new Victory boulevard. (*Post, pp.* 223-225.)

10. **STATES.** State not within constitutional provision that credit shall not be given without majority votes of three-fourths of qualified voters.

Hill v. Roberts.

The State is not within Constitution, article 2, section 29, relating to cities, counties and towns, and providing that credit shall not be given to them except upon a majority of three-fourths of the qualified voters. (*Post, pp.* 225, 226.)

Case cited and approved: Ransom v. Rutherford County, 123 Tenn., 1.

11. **COUNTIES.** Municipal corporations. States. State, county, and city may unite in construction of memorial to soldiers and sailors.

The construction of the great and inspiring memorial to our soldiers an dsailors of the war with Germany, provided for by Pub. Acts 1919, chapter 122, and Priv. Acts 1919, chapters 745, 791, is a laudable purpose, and a public purpose to which the State, county, and city may unite and tend their aid. (*Post, p.* 226.)

Cases cited and approved: Kingman v. City of Brockton, 153 Mass., 255; Parsons v. Van Wych, 56 App. Div., 329; Daggett v. Colgan, 92 Cal., 53.

12. **ARMY AND NAVY.** Proceeds of bonds for soldiers' and sailors' memorial to be used for purpose specified.

The proceeds of the bonds authorized to be issued under Priv. Acts 1919, chapters 745, 791, by the county of Davidson and city of Nashville, can only be used for the purpose specified in Pub. Acts 1919, chapter 122, relating to the construction of a grand memorial for the soldiers and sailors of the war with Germany. (*Post, p.* 226.)

13. **ARMY AND NAVY.** Capitol Annex inseparable from grand memorial of soldiers and saiors of war with Germany.

The Capitol Annex is but a part of the plan for the construction of a grand memorial for the soldiers and sailors of the war with Germany, and the cost of its construction may be defrayed from the entire fund contributed by the State, county of Davidson, and city of Nashville, under Pub. Acts 1919, chapter 122, and Priv. Acts 1919, chapter 745, 791. (*Post, pp.* 226-228.)

Case cited and approved: Reid v. Campbell, 19 Tenn., 378.

FROM DAVIDSON.

Appeal fro mthe Chancery Court of Davidson County. —Hon. John T. Lillyett, Chancellor.

E. J. Smith, for appellant.

Frank M. Thompson, Attorney-General, Ewing & Moore and Horace Osment, for appellees.

Mr. Justice Green delivered the opinion of the Court.

This suit was brought to test the constitutionality of certain acts of the legislature under which the State of Tennessee, Davidson county, and the city of Nashville were authorized to issue bonds for the purpose of laying out and constructing a memorial to our soldiers and sailors of the late war with Germany. The chancellor upheld the acts of the legislature drawn in question, but in his decree placed certain restrictions around the application of the proceeds of the bonds to be issued by Davidson county and the city of Nashville. The complainants appealed from that part of the decree sustaining the statutes, and the defendants appealed from so much of the decree as undertook to direct the application of the contribution of Davidson county and the city of Nashville.

An inspection of the record discloses that all necessary parties are before us in this proceeding, and all the questions raised are fairly presented by the pleadings.

The acts in controversy are chapter 122 of the Public Acts of 1919, chapter 745 of the Private Acts of 1919, and chapter 791 of the Private Acts of 1919. It would

be impracticable to set out the whole of these acts in this opinion.

The two private acts just referred to authorize Davidson county and the city of Nashville, upon an affirmative vote of the qualified voters of each, to issue bonds in the sum of $400,000 and $600,000, respectively, for the furtherance of this scheme. Elections were had, and resulted favorably to the bonds both in the county and city.

Chapter 122 of the Public Acts of 1919 is somewhat lengthy, but its general purpose is very well indicated in its caption, which is as follows:

"An act to be entitled an act to provide for the establishment of a park in the city of Nashville, Tennessee, and for the erection of a memorial hall to commemorate the heroic services of the soldiers and sailors of the State of Tennessee who fought or died in the recent war in which the United States was engaged against Germany and her allies; to provide for the acquisition of property for, and the construction of a Capitol Annex as a part of said memorial plan; to create a commission to acquire by purchase or by condemnation the land necessary for the location of such park, and the location and erection of the buildings; to provide for the acquisition of land for the purpose of opening and extending Deadrick street in the city of Nashville, from Fifth avenue at its present width; to the intersection of Seventh avenue, and providing for changing the name of said Deadrick street to 'Victory Boulevard;' to authorize the condemnation of such property either in the name of the State; or in the

name of the city of Nashville, or in the name of the county of Davidson, as the exigencies of the case may require; to provide for the authority vesting in said commission to contract for the designing and construction of said parks, roadways, boulevards and buildings; to authorize the city of Nashville and the county of Davidson to issue bonds for the purpose of procuring the funds to pay such subscriptions as the city of Nashville and the county of Davidson may make in the carrying out of the plan; to provide for the authorization of the issuance of bonds by the State of Tennessee for providing the necessary funds for carrying out the provisions of this act as far as the State's participation is concerned, and the appropriation of the proceeds of said bonds for said purposes."

Other provisions of these statutes will be noted in the course of the opinion. The first assignment of error made here by the complainants is that the chancellor erred in holding chapter 122 of the Public Acts of 1919 to be a valid and constitutional enactment. This assignment is general, and intended to cover all the constitutional objections made to the statute. These objections will be considered separately as they are raised by the other assignments of error, and we accordingly pass from the first assignment.

In construing the three statutes here under discussion, the chancellor was of opinion that they were *in pari materia*, and this action is assigned for error by the complainants; it being insisted that the acts do not refer to each other, either directly or by necessary implication. We think the chancellor was correct. It is not

necessary that statutes should refer to one another in order to be construed *in pari materia*. If the court can see from an inspection of several statutes that they relate to the same subject, they will be construed together, although there is no direct reference in any one to any other. The rule of construing statutes *in pari materia* is of peculiar force when such statutes were enacted at the same session of the legislature. *Bird* v. *State,* 131 Tenn., 518, 175 S. W., 554, Ann. Cas., 1917A, 634.

We think it obvious from an inspection of these statutes that they were all in furtherance of a general scheme formulated by the legislature, whereby Nashville, Davidson county, and the State of Tennessee were to unite in the construction of a grand memorial to our soldiers and sailors of the last war. This being so, and the statutes having been passed at the same session of the legislature, they should be construed as one act.

It is said that chapter 745 and chapter 791 of the Private Acts of 1919 require a mandatory tax levy by the county of Davidson and by the city of Nashville in aid of the bonds authorized by these statutes. It is urged that under article 2, section 29, of the Constitution of Tennessee, the legislature may authorize a county or city to levy taxes, but that the legislature may not mandatorily direct such a levy by the county or city. It is insisted that the chancellor erred in not holding these two private acts unconstitutional for this reason, and this is the third assignment of error in this court.

The chancellor was of opinion that the county and city were not mandatorily required to make these levies by the two statutes, but that the legislature left the levies conditional upon an affirmative vote of the people in favor of the bonds.

However this may be, we see no reason why the legislature may not require a particular levy by county authorities or by city authorities for county or city purposes. We do not think that article 2, section 29, expresses any prohibition against such procedure by the legislature, and we have recently held that no constitutional restriction upon the State's power to tax will be inferred. *Vertrees* v. *The State Board of Elections,* 141 Tenn., 645, 214 S. W., 737.

It is conceded that the State, acting through the legislature, may itself, without the intervention of county or municipal authorities, levy taxes directly for the support of a county or municipal corporation. *Demoville* v. *Davidson County,* 87 Tenn., 214, 10 S. W., 353; *State ex rel.* v. *Cummings,* 130 Tenn., 566, 172 S. W., 290, L R. A., 1915D, 274; *Quinn* v. *Hester,* 135 Tenn., 373, 186 S. W., 459; *Berry* v. *Shelby County,* 139 Tenn., 532, 201 S. W., 748.

These cases recognize to its fullest extent the principle that the county and city are but arms of instrumentalities of the State. The State, therefore, having full control of these agencies, in the matter of taxation at last, may authorize such agents to levy a tax, or may direct such agents to levy a tax, or may itself directly tax for the benefit of these agencies.

This assignment of error is accordingly overruled.

The fourth error assigned is that chapter 122 of the Public Acts of 1919 should have been held to violate article 2, section 17, of the Constitution, which provides that no bill shall become a law which embraces more than one subject that subject to be expressed in the title. It is insisted that the court should have held the title of this act to be a restrictive title, providing for a memorial hall, and, having so held, should have declared the other things mentioned in the title and body of the act to be beyond such title.

The chancellor was of opinion that the title to this act was general, and provided for a memorial plan, and that the Capitol Annex, parks, new street, and other things were but parts of this general plan, or scheme, expressed in the title. We think the chancellor was correct. The intention of the legislature was not to provide merely for a memorial hall, but to have such a hall in connection with parks and the new boulevard and the Capitol Annex. All these things together will form a beautiful and impressive memorial. None of them separately would be so notable. It was the purpose of the legislature to create a grand memorial, and all the things enumerated entered into that memorial. We think such a purpose is very well expressed in the title, and, so far as we can see, the body of the act in no particular goes beyond the title.

It was said in argument that the Capitol Annex could not be considered as an integral part of this memorial, because under subsection (d) of section 2 of chapter 122 of the Public Acts of 1919 the memorial commission was authorized to locate the Capitol Annex upon a site not

included in the land here proposed to be acquired. Certain language of this subsection lends color to this idea, but upon consideration of the whole act we are satisfied that it was contemplated by the legislature that the memorial commission should have no power to dislocate the Capitol Annex from the site herein provided. The memorial commission is authorized to transpose or interchange the location of the parks and buildings from one to another of the four squares that will be formed around the intersection of Capitol boulevard and the new Victory boulevard. We construe the act to mean that the Capitol Annex must be located on one of these squares, otherwise the Capitol Annex might well be said to lose its identity as a part of this memorial plan, and provisions relating to said Capitol Annex might therefore be considered as without the title to the statute. Located on one of the four squares, the Capitol Annex will lend beauty and dignity to the plan, and become a harmonious and distinguished incident thereof.

The fifth assignment of error reiterates the proposition that the three acts here under consideration should not be construed *in pari materia*. We have fully responded to this argument in disposing of the second assignment of error, and are clearly of opinion that the three acts should be construed as one.

The sixth assignment of error relates to the provisions of the private acts requiring a tax levy on account of these bonds by Davidson county and the city of Nashville. We have heretofore said that we are of opinion that the legislature had full power to compel such a levy by the county and city. This assignment is accordingly overruled.

By the seventh assignment of error the point is made that the elections specified in chapter 745 and chapter 791 of the Private Acts of 1919 were aid or subsidy elections within the meaning of article 2, section 29, of the Constitution, and that therefore a majority of three-fourths of the qualified voters participating in said elections was necessary in order to give effect to said elections. This section of the Constitution provides that: "The credit of no county, city, or town shall be given or loaned to or in aid of any person, company, association or corporation, except upon an election to be first held by the qualified voters of such county, city or town, and the assent of three-fourths of the votes cast at said election."

This court, after a full consideration, has held that the State is not included among those to whom credit shall not be given except upon a majority of three-fourths of the qualified voters. *Ransom* v. *Rutherford County*, 123 Ttnn., 1, 130, S. W., 1057, Ann. Cas., 1912B, 1356. We think this conclusion is manifestly sound.

The eighth assignment of error is that the court erred in holding that the erection of a memorial is a lawful State, county, and city purpose, and that all three may unite in the erection of a joint memorial, the title to which shall be taken in the name of the State.

There is no objection to the State, county, and city uniting in the promotion of a particular enterprise, if that enterprise be for a purpose which may be regarded as a State, county and city purpose. This exact point was so ruled in *Ransom* .v. *Rutherford County*, supra, and the State of Tennessee, county of Rutherford and

15—142 Tenn.

city of Murfreesboro authorized to join in the erection of a Normal School at Murfreesboro.

We think there can be no doubt that the construction of this great and inspiring memorial to our soldiers and sailors of the late war with Germany is a laudable purpose and a public purpose to which the State, county and city may lend their aid. Such memorial will be educational, will tend to stimulate patriotism, and the park feature will provide a space for fresh air and recreation for the people of Tennessee visiting in Nashville, as well as the people of Nashville. Similar projects have been held to be for a public purpose in New York, Massachusetts, and California, and we think there can be no question about the matter. *Kingman* v. *City of Brockton,* 153 Mass., 255, 26 N. E., 998, 11 L. R. A., 123; *Parsons* v. *Van Wyck,* 56 App. Div., 329, 67 N. Y. Supp., 1054; *Daggett* v. *Colgan,* 92 Cal., 53, 28 Pac., 51, 14 L. R. A., 474, 27 Am. St. Rep., 95.

The chancellor held that the proceeds of the bonds authorized to be issued by the county of Davidson and city of Nashville could only be used for the purpose specified in chapter 122 of the Public Acts of 1919. This action is challenged by the ninth assignment of error, but we think the chancellor was plainly correct, since as we have heretofore held chapter 745 and chapter 791 of the Private Acts of 1919 and chapter 122 of the Public Acts of 1919 must be construed together as though one act.

The chancellor was of opinion that no part of the State and county funds could be used for the erection of the Capitol Annex, on the theory that the building of

Hill v. Roberts.

the Capitol Annex was a State purpose to which the county and city might not contribute.

If the Capitol Annex were disassociated from the memorial plan, this conclusion would find better support. As we have heretofore seen, however, the Capitol Annex is but part of the plan. The entire fund contributed by the State, county, and city is to be expended in furtherance of the memorial plan. The memorial commission is given broad powers by the act. It is imperative that the commission shall evolve a well-balanced and symmetrical memorial. To do this the commission should not be hampered or restricted in the application of the funds intrusted to them, as between one detail and another. They should be allowed to appropriate the money in their hands to the several objects of the memorial, in such a manner as to procure the most harmonious whole. This was the clear intention of the legislature in our opinion, and such intention cannot be defeated by any ambiguous language of the preamble of the public act. *Reid* v. *Campbell,* Meigs (19 Tenn.), 378, 387; Lewis' Sutherland, Stat. Cons. vol. 2, p. 652. We see no objection to the funds of the county and city being used in part for the building of the Capitol Annex, so long as that annex is but a portion of the entire memorial, to which the city and county may properly subscribe.

In the particular just indicated the decree of the chancellor will be modified.

Some other objections were made to these statutes; and, although they have not been pressed upon us, we have fully considered them, and found them without

Hill v. Roberts.

merit.   We think the three acts of the legislature heretofore considered are valid and constitutional enactments, and *in pari materia*.

Except as herein modified, the decree of the chancellor will be affirmed, and the. bill of the complainants will be dismissed.

The CHIEF JUSTICE, being a member of the memorial commission, did not participate in the consideration or disposition of this case.