Williamson v. McClain.

J. W. WILLIAMSON *et al. v.* W. D. MCCLAIN *et al.*[*]

(*Nashville.* December Term, 1922.)

TAXATION.  Delegation of taxing power to officers of special school district unconstitutional.

Private Acts 1921, chapter 416, section 7, authorizing and requiring the board of commissioners of the special school district created by the act to levy a school tax, though fixing a maximum rate, is an unlawful delegation of taxing power, which can be delegated only, as authorized by Constitution, article 2, section 29, to counties and incorporated towns.

Acts cited and construed:  Priv. Acts 1921, ch. 416, sec. 7; Acts 1867-68, ch 83, sec. 14; Acts 1921, ch. 770; Acts 1919, chs. 122, 745, 791.

Cases cited and approved:  Quinn v. Hester, 135 Tenn., 373; Keesee v. Civil District, 46 Tenn., 127; Waterhouse v. Cleveland Public Schools, 55 Tenn., 857; Lipscomb v. Dean, 69 Tenn,, 546; Smith v. Carter, 131 Tenn., 1; Arnold v. Knoxville, 115 Tenn., 195; Quinn v Hester, 135 Tenn., 373; Vertrees v. State Board of Elections, 141 Tenn., 645; Hill v. Roberts, 142 Tenn., 215; J. W. Newman et al. v. W. M. Holland et al., 249 S. W. —; Lipscomb v. Dean, 69 Tenn., 546; Keesee v. Civil District, 46 Tenn., 127; Waterhouse v. Cleveland Public Schools, 55 Tenn., 857.

Cases cited and distinguished:  Vallelly v. Board of Park Commissioners, 16 N. D., 25; Reelfoot Lake Levee District v. Dawson, 97 Tenn., 151; Vertrees v. The State Board of Elections, 141 Tenn., 645; Minsinger v. Rau, 236 Pa., 327.

Constitution cited and construed:  Art., 2, sec. 29.

FROM WILSON.

[*]As to what boards or bodies the power of taxation may be delegated see notes in 15 L. R. A. (N. S.), 61 and 32 L. R. A. (N. S.), 1078.

Appeal from the Chancery Court of Wilson County.—
HON. J. W. STOUT, Judge.

LURTON GOODPASTURE, for complainants.

W. S. FAULKNER, for defendants.

MR. T. H. MALONE, Special Justice, delivered the opinion of the Court.

The issue in this case, raised by bill and demurrer below, is the constitutionality of section 7 of chapter 416 of the Private Acts of 1921, which reads as follows:

"Sec. 7.   Be it further enacted that for the purpose of supporting and maintaining the schools of the said Mt. Juliet special school district, buying sites and building houses and for supplementing the school fund for said district so that the school term for said school may be extended and continued nine months, if possible, as a free public school, the board of commissioners are authorized and empowered and it is hereby declared to be their duty, as soon after the passage of this act as possible, levy for the year 1921 a special school tax on all taxable property, both real and personal, and shall each year thereafter levy for said year a special school tax on all the taxable property, both real and personal, within the said Mt. Juliet special school district, provided that said levy shall for the years 1921 and 1922 not exceed sixty cents (60c) on the $100 worth of taxable property, and for each succeeding year thereafter shall not exceed ten cents on the $100 worth of taxable property.   The basis of assessment for said tax on said property shall be the assessed value as

shown by the books of the county trustee of Wilson county, Tennessee, and all taxes assessed on real estate are a lien upon such real estate. The taxes herein provided to be levied and assessed shall become due and be collected at the same time and in the same manner as taxed under the general laws of the State by the county trustee. The said taxes herein provided for, together with all other school funds received from the county trustee, shall constitute the school fund for the said special school district, which fund shall be under the control of the said board of commissioners for the use and benefit of the said Mt. Juliet special school district. No part of said fund shall be paid out by the clerk and treasurer of said special school district except by the board of commissioners and upon warrant property drawn and signed by the chairman and clerk and treasurer of said board of commissioners and one other member of said board."

By other sections of the act, the Mt. Juliet special school district is created a body politic and corporate, its boundaries are defined, and its government, by a board of commissioners, consisting of five members, established. These provisions of the act are not in controversy, and need not be further noticed.

The question debated here with earnestness and ability is whether the right and duty to levy a tax granted to and imposed upon the board of commissioners under the terms of section 7, above quoted, is an unlawful attempt on the part of the legislature to delegate the taxing power.

Section 29 of article 2 of the Tennessee Constitution reads, in part, as follows:

"The General Assembly shall have power to authorize the several counties and incorporated towns in this State,

to impose taxes for county and corporation purposes respectively, in such manner as shall be prescribed by law; and all property shall be taxed according to its value, upon the principles established in regard to State taxation."

For the taxpayers it is contended that, under previous decisions of this court, the power of the legislature in this behalf is strictly confined to counties and incorporated towns, for county and corporation purposes.

For the board of commissioners it is insisted:

(a) That later decisions of this court, and especially *Quinn* v. *Hester*, 135 Tenn., 373, 186 S. W., 459, have changed the rule announced in the earlier authorities.

(b) That the limitation placed on the power of the board prescribing a maximum tax rate affords a logical basis for distinguishing previous decisions, and that a power thus limited is not a delegated taxing power.

It may be noted, at the outset, that the constitutional provision above quoted is by no means unique, but is rather expressive of a well-established principle of constitutional government.

Thus in the case note to *Vallelly* v. *Board of Park Commissioners*, 16 N. D., 25, 111 N. W., 615, as reported in 15 L. R. A. (N. S.), 61, it is said:

"The right of taxation, inherent in the people, has been vested in the legislature by the organic law. It may be stated as a general rule that this sovereign power of taxation is incapable of being delegated by the legislature. There is, however, a well-recognized exception to the rule in the case of the minor political subdivisions of the State, or their appointed agencies, which are usually

vested with the power of providing revenue to defray the expenses of the local governments and to pay for local improvements made for the public use and benefit. But, aside from this necessary exception, the right to levy taxes can be exercised only by that department of the government in which it has been reposed."

Our own cases of *Keesee* v. *Civil District,* 6 Cold. (46 Tenn.), 127; *Waterhouse* v. *Cleveland Public Schools,* 8 Heisk. (55 Tenn.), 857; *Lipscomb* v. *Dean,* 1 Lea (69 Tenn.), 546; and *Smith* v. *Carter,* 131 Tenn., 1, 173 S. W. 430—are in accord.

In *Keesee* v. *Civil District* an act of the General Assembly (chapter 83, section 14, Acts 1867-68) gave the civil district board of education of the Twelfth civil district of Montgomery county the right to assess "upon the taxable properties within the civil district, a tax of three mills upon the dollar, and fifty cents upon each poll," for the purpose of raising funds to be applied to the erection of schoolhouses for the use of the children of the civil district, etc.

This was held void, as an unconstitutional attempt to delegate the taxing power.

In *Waterhouse* v. *Cleveland Public Schools* the inhabitants of the city of Cleveland were incorporated as a body corporate, under the name and style of the board of president and directors of the Cleveland public schools. One section of this statute enacted:

"That the board of president and directors shall have power to assess, levy, and collect taxes on property, polls, and privileges, within the corporation, for school purposes, not to exceed the amount collected by the State, and to be collected as other city taxes."

This was held to be an unlawful attempt to delegate the taxing power.

In *Lipscomb* v. *Dean,* the legislative act provided for a school system, whereby—"the inhabitants of the school districts of the several counties shall be incorporated towns, and vested with the following rights and none other:

"1   To purchase and hold in the bounds of their respective board of directors, such real estate and school furniture as may be necessary for school purposes. 2. To levy a tax not exceeding three mills on the dollar, as hereinafter provided, upon property for prolonging schools, for purchasing school sites and building schoolhouses, and for payment of necessary school expenses, but they shall have no power to levy a tax for any other purpose."

The provisions of the act conferring the power of taxation upon the different school districts were held to be unconstitutional and void, as an attempted delegation of authority by the legislature.

In *Reelfoot Lake Levee District* v. *Dawson,* 97 Tenn., 151, 36 S. W., 1041, 34 L. R. A., 725, an attempt was made by the act under consideration to confer upon levee districts the power to tax, the act providing:

"That, for the purposes of building and maintaining the levee aforesaid, and for carrying into effect the objects and purposes of this act, the board of levee directors shall have the power, and it is hereby made their duty, to assess and levy a contribution tax, not exceeding ten cents per acre, and two per cent. valuation tax, on all the land embraced within the said boundary of said levee district herein named. . . ."

Held unconstitutional, under section 29 of article 2.

This case was overruled, on the special assessment feature therein discussed, by the case of *Arnold* v. *Knoxville*, 115 Tenn., 195, 229, 90 S. W., 469, 3 L. R. A. (N. S.), 837, 5 Ann. Cas., 881, but its decision on the point now being considered has never been questioned.

In the case of *Smith* v. *Carter, supra,* the act creating road improvement districts for the State provided that road district commissioners, after annually fixing the tax rate for road purposes, etc., shall certify to the trustee of each county, etc., the tax rate. It was held that this act also attempted to delegate the taxing power, and was in conflict with section 29 of article 2, above quoted.

The case of *Quinn* v. *Hester,* 135 Tenn., 373, 186 S. W., 459, is not opposed to the foregoing authorities.

In that case the statute incorporated a special school district; defined its boundaries; named the first board of directors; provided for the election of their successors; and set out the powers and duties of the board. The legislature levied a tax of forty cents on every $100 worth of taxable property within this school district, and directed that this special tax be collected in the same manner, and at the same time as other taxes were collected under the general laws of the State by the county trustee.

It was claimed that this feature of the act conflicted with section 29 of article 2. As to this, it is said in the opinion, at page 376 of 135 Tenn., at page 459 of 186 S. W.:

"Considering the second objection first, an examination of the act shows that there has been no attempt whatever to delegate the power of taxation. The tax for which the act provides is imposed directly by the legislature. No discretion whatever concerning the imposition of this

147 Tenn.—32

tax is left to the school district. The rate of the tax is fixed and the levy is made by the statute, and the collection of the tax committed to the county trustee, who is directed to collect it along with all other taxes according to the general laws of the State. Inasmuch as there is no attempted delegation of authority to the school district, section 29 of article 2 of the Constitution has no application."

Manifestly this case is not authority for the proposition that the power to fix a tax rate and collect taxes can be delegated to a school board.

It is, however, contended that decisions of this court, later than *Quinn* v. *Hester,* have established the principle that there can be no implied restraint on the taxing power; and special reliance is placed upon *Vertrees* v. *State Board of Elections,* 141 Tenn., 645, 214 S. W., 737, and *Hill* v. *Roberts,* 142 Tenn., 215, 217 S. W., 826.

The point decided in *Vertrees* v. *State Board of Elections,* was that the constitutional provision as to the class and sex of persons on whom poll tax shall be imposed is not a restraint of the power of the legislature to impose the tax on the opposite sex. Answering the contention that by implication the Constitution prohibited the legislature from imposing a poll tax upon women, this court said, at page 658 of 141 Tenn., at page 740 of 214 S. W., in the opinion:

"This argument ignores the well-settled principle that a constitutional limitation upon the power of taxation will never be inferred or implied. The right to tax is essential to the existence of government, and is peculiarly a matter for the legislature, and the legislative power in this re-

spect can only be restrained by a distinct and positive expression in the fundamental law."

In *Hill* v. *Roberts,* supra, the court had under consideration the constitutionality of chapter 122 of the Public Acts of 1919, chapter 745 of the Private Acts of 1919, and chapter 791 of the Private Acts of 1919, all dealing with the construction of a memorial to be erected by the city of Nashville, the county of Davidson, and the State of Tennessee, in commemoration of the soldiers and sailors of the World War.

It was contended that these acts required a mandatory tax to be levied by the county of Davidson and city of Nashville in support of the bonds authorized by these statutes, and that this provision conflicted with section 29 of article 2 of the Constitution.

The Chancellor was of opinion that these acts did not require a mandatory levy since the levies were conditional upon an affirmative vote of the people in favor of the bonds.

On this point it was said at page 222 of 142 Tenn., at page 828 of 217 S. W.:

"However this may be, we see no reason why the legislature may not require a particular levy by county authorities or by city authorities for county or city purposes. We do not think that article 2, section 29, expresses any prohibition against such procedure by the legislature, and we have recently held that no constitutional restriction upon the State's power to tax will be inferred. *Vertrees* v. *The State Board of Elections,* 141 Tenn., 645, 214 S. W., 737."

In these cases, as will be observed, the court was discussing the power of the legislature to tax directly, not

its right to delegate the power of taxation. The language above quoted had no application to the question of a delegated authority to a body other than a county or a municipal corporation, for no such question was involved in either case, and it was not intended by these expressions to overrule or to qualify the cases dealing with attempts to delegate the taxing power to other bodies.

Concluding this feature of the case, it may be noted that counsel for the taxpayers has not attempted to discuss the very recent decision of this court in the case of *J. W. Newman et al.* v. *W. M. Holland et al.,* 249 S. W., — (Nashville, January 20, 1923: opinion for publication). In that case the court, speaking through Mr. Justice BACHMAN, held unconstitutional the act of 1921 creating the Sardis special school district in Henderson county (Private Acts 1921, chapter 770), on two grounds:

(a) Because an attempt was made by the act to delegate the taxing power to the board of directors of the school district in violation of section 29 of article 2.

(b) Because the act authorized the board of directors to elect their own successors, in violation of the constitutional requirement that every county office must be filled either by popular election or by the county court.

It is, however, earnestly insisted that the provisions of the act under discussion fixing a maximum tax levy distinguished this case from the line of authorities above discussed, because the legislature has, in effect, directly imposed the tax. It is strongly argued that the public interest is subserved, and extravagance prevented, by permitting the governing board of the school district to determine just what sums are needed for school purposes

in any year; whereas, if a fixed sum is provided by the legislature, the whole amount will be spent, whether it is needed or not.

Authorities from other States are cited to support this contention. Thus in Minsinger v. Rau, 236 Pa., 327, 84 Atl., 902, Ann. Cas., 1913E, 1324, where an act provided for school districts of different classes, and further declared that the total annual school tax levy made in any one year by any school district of the first class "shall not be less than five, nor more than six mills on the dollar of the total assessment of all property assessed and certified for taxation therein," the supreme court of Pennsylvania, answering the contention that this was a delegation of the taxing power, said:

"Practically the legislature itself has fixed the tax levy at a maximum of six mills and simply leaves to its agents the privilege of collecting not less than five mills in any one year; this cannot properly be objected to as unrepublican or as an unlawful delegation of legislative power to an unrepresentative body."

It may, however, be noted that three judges joined in a strong dissenting opinion, declaring that the provisions of the act, above noted, constituted "an unauthorized attempt on the part of the legislature to delegate its power of taxation."

But it is not necessary to consider the decisions of other States on this point, for in many of the acts involved in previous decisions of this court on this subject a maximum tax rate was prescribed. See, for example, Lipscomb v. Dean, 1 Lea, 546, where the levy was not to exceed three mills on the dollar; Keesee v. Civil District, 6 Cold., 127,

where the tax was fixed at three mills upon the dollar; *Waterhouse* v. *Cleveland Public Schools,* 8 Heisk., 857, where the amount of the levy was not to exceed the amount collected by the State.

In *Reelfoot Lake Levee District* v. *Dawson,* 97 Tenn., 151, 36 S. W., 1041, 34 L. R. A., 725, a provision of this nature, so far, from redeeming the act, was held to be particularly obnoxious, the court saying at page 176 of 97 Tenn., at page 1047 at 36 S. W. (34 L. R. A., 725) :

"The particular feature of the act that is most objectionable as a delegation of taxing power is that in which the levee district is authorized to decide for itself what rate of taxation, if any, shall be laid annually; only the maximum rate being prescribed. The legislature, before passing the law, should have determined at least three things: (1) That the purpose in view was a proper purpose for taxation; (2) the annual rate required for the present; and (3) the rule under which it should be levied. These matters are within the legislative function, and cannot be delegated in the absence of express authority of the fundamental law. Such questions may be left to counties and incorporated towns in respect to their own taxes and within proper limitations; but that is so because the General Assembly is expressly empowered to grant them that authority. No other agency or instrumentality of the government can be given such power."

While fully recognizing the value of the public school system, and the beneficent purpose of the legislature in passing such acts, we do not feel that the constitutional provision on this subject should be destroyed by overruling the long line of cases in which it has been construed, including the very recent case of *Newman* v. *Holland.*

It results, therefore, that the chancellor erred in sustaining the demurrer interposed by the school board to the taxpayers' bill, and his decree will be reversed, and the case remanded for further proceedings consistent with this opinion.