Davidson County v. Kirkpatrick.

DAVIDSON COUNTY *et al. v.* G. B. KIRKPATRICK *et al.**

(*Nashville.* December Term, 1924.)

1. **COUNTIES.** Express delegation of taxing power for county purposes forbids taxation for other purposes.

Express delegation of taxing power to counties for county purposes in Const., article 2, section 29, forbids taxation for other purposes. (*Post, pp.* 548, 549.)

Cases cited and approved: Judges' Salary Cases, 110 Tenn., 370, 380; County v. Judges, 3 Shan. Cas., 509.

Constitution cited and construed: Art. 2, sec. 29.

2. **COUNTIES.** Constitutional provision empowering legislature to authorize counties to impose taxes for county purposes limitation on counties' power to tax.

Const., article 2, section 29, empowering legislature to authorize counties to impose taxes for county purposes, must be considered as limitation on counties' power to tax; legislature being authorized by article 2, section 28, as well as inherently, to enact tax laws for counties. (*Post, p.* 549.)

3. **COUNTIES.** Express constitutional prohibition of legislation authorizing taxation for other than county purposes forbids appropriations for prohibited purposes.

Constitutional provision, expressly forbidding legislation authorizing county courts to impose taxes for other than county purposes, forbids legislation authorizing or commanding appropriations of county revenue requiring tax levy for prohibited purpose. (*Post, p.* 549.)

4. **TAXATION.** Legislature's power as to public revenue limited only by Constitution.

Legislature's power to act within its sphere with respect to public revenue is unlimited except by Constitution. (*Post, p.* 549.)

Cases cited and approved: The Judges' Cases, 102 Tenn., 550; Motlow v. State, 125 Tenn., 566; Demoville v. Davidson County, 87 Tenn., 214.

Davidson County v. Kirkpatrick.

5. **CONSTITUTIONAL LAW.** Statutes not annulled, unless clearly unconstitutional.

Courts refuse to annul statutes, unless clearly unconstitutional, assumption being, until contrary clearly appears, that legislature considered constitutionality of act and did not intentionally pass act contrary to law. (*Post, pp.* 550, 551.)

Acts cited and construed: Acts 1897, chs. 41, 58; Priv. Acts 1923, ch. 517; Acts 1917, ch. 132.

Cases cited and approved: Henley v. State, 98 Tenn., 680; State v. Myers, 85 Tenn., 203.

6. **COUNTIES.** County integral part of State, and no distinct line of demarcation between county and State officers and purposes.

County, which existed as unit of government when State was organized under Const., 1796, is integral part or arm of State, and no distinct line of demarcation can be drawn between county and State officers, with official duty as only test, or between county and State purposes, with objective as sole test. (*Post, pp.* 551, 552.)

Cases cited and approved: Hill v. Roberts, 142 Tenn., 222; County v. Judges, 3 Shan. Cas., 527.

7. **DISTRICT AND PROSECUTING ATTORNEYS.** Act authorizing county court to supplement district attorney's salary from county revenue held not unconstitutional.

Acts 1897, chapter 58, and Private Acts 1923, chapter 517, authorizing county courts to supplement district attorneys' salaries from county revenue, do not involve exercise of taxing power, and are not invalid as authorizing appropriation for other than county purposes, contrary to implied inhibition of Const., article 2, section 29, in view of Acts 1897, chapter 41, Acts 1917, chapter 132, and Shannon's Code, sections 4544, 4545. (*Post, pp.* 552, 553.)

Acts cited and construed: Acts 1897, ch. 58; Priv. Acts 1923, ch. 517.

---

*Headnotes 1. Counties, 15 C. J., section 348; 2. Counties. 15 C. J., section 348; 3. Counties, 15 C. J., section 283; 4. Taxation, 37 Cyc, p. 724; 5. Constitutional Law, 12 C. J., section 221; 6. Counties, 15 C. J., section 1; 7. District and Prosecuting Attorneys, 18 C. J., section 48 (1926 Anno).

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. John R. Aust, Judge.

Vertrees & Vertrees, E. J. Smith and W. C. Cherry, for appellant.

Horace Osment, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed to test the validity of an act which confers discretionary power upon the county court of Davidson county to supplement the salary of the district attorney from county revenue. The chancellor held the act void because it authorized an appropriation, for other than county purposes, contrary to the implied inhibition of article 2, section 29, of the constitution, which provides:

"The General Assembly shall have power to authorize the several counties and incorporated towns in this State, to impose taxes for county and corporation purposes respectively, in such manner as shall be prescribed by law; . . . upon the principles established in regard to State taxation."

It cannot be questioned, as said by the chancellor and by this court in *Mynatt* v. *Trotter,* that the express delegation of the taxing power to counties for county purposes forbids taxation for other purposes. *Judges' Salary Cases,* 110 Tenn., 380, 75 S. W., 1061. This court has declared acts void, more than once, which conferred power upon county courts to supplement the salary of judges. The nature of the judicial office renders the judge

a State officer strictly. Article 6, section 7, of the constitution, forbids an increase or diminution of judicial salaries during the term of office. Upon both grounds the acts authorizing the county to supplement the judge's salary are void. *County* v. *Judges,* 3 Shan. Cas., 509; *Judges' Salary Cases,* 110 Tenn., 370, 75 S. W., 1061. While the constitution does not forbid an increase or diminution of the district attorney's salary during the term, the chancellor, following the memorandum opinion of this court in *Mynatt* v. *Trotter,* Knoxville, September term, 1923, held the act void because it authorizes an appropriation from the county treasury for other than county purposes.

By article 2, section 28, of the constitution, and under the inherent legislative power, the General Assembly could enact tax laws for the counties. Article 2, section 29, was unnecessary to confer such authority, and must be considered as a limitation upon the power of counties to tax. The express provision forbidding legislation which authorizes the county courts to impose taxes for other than county purposes extends and serves to forbid legislation authorizing or commanding appropriations of county revenue requiring a tax levy for the prohibited purpose. It must be noted that the limitation is upon the taxing power. Beyond the restraint imposed by the constitution the power of the legislature to act within its own sphere with respect to public revenue is not limited *The Judges' Cases,* 102 Tenn., 550, 53 S. W., 134; *Motlow* v. *State,* 125 Tenn., 566, 145 S. W., 177, L. R. A., 1916F, 177; *Demoville* v. *Davidson County,* 87 Tenn., 214, 10 S. W., 353.

In determining the validity of statutes the courts do not assume that the legislature intentionally violated the constitution by an invalid enactment. The legislature, as well as the courts, are bound by the law, and it must be assumed, until it clearly appears to the contrary, that they considered the constitutionality of their act, and did not intentionally pass an act contrary to law, and the courts refuse to annul statutes unless clearly violative of the constitution. *Henley* v. *State,* 98 Tenn., 680, 41 S. W., 352, 1104, 39 L. R. A., 126; Black, Constitutional Law, section 391.

These acts do not authorize a tax levy. They merely confer discretionary power upon the county court to appropriate and pay to the district attorney the sum of $1,200 annually. The act does not, as might have been done, direct an appropriation of this sum from fines and forfeitures which came into the county treasury in consequence of the administration of the district attorney's office in the prosecution of criminal cases. The first act authorizing such appropriations was chapter 58 of the Acts of 1897. When this act and the subsequent act, chapter 517, Private Acts 1923, were passed, the legislature had before them the past and contemporaneous history relating to the district attorney's office.

The office of district attorney, or attorney general, or attorney for the State—terms used interchangeably to designate the office, *State* v. *Myers,* 85 Tenn., 203, 5 S. W., 377—is referred to in article 6, section 5, of the constitution, which determines the method of filling the office. The office of public prosecutor antedates the constitution. When the Southwest Territory was organized there was, under North Carolina law, a solicitor for each county

elected by the county court who prosecuted offenses cognizable in the court of common pleas presided over by three justices of the peace. The court had jurisdiction over petit larcenies, assaults, batteries, breaches of the peace and other misdemeanors. An attorney for the government, appointed by the General Assembly, represented the State in a superior court of law presided over by the superior judges. By subsequent legislation the office of county solicitor was abolished, and the duties devolved upon the district attorney. At first he was paid a salary to which both the State and county contributed, but later on his compensation was derived from fees taxed as cost against the State, the county, or the defendant, according to the nature and disposition of the case. Under this plan of compensating the district attorney the counties contributed a considerable part. The county wherein the offense was tried paid a fee of $2.50 (Code, 4545) in misdemeanor cases upon judgment over against the county after return of execution *nulla bona* directed against the defendant (Code, 4544). Such was the method of compensation when the legislature, by chapter 41, Acts 1897, appropriated all of the fees of the office and fixed an annual salary of $2,500 a year. Chapter 132 of the Acts of 1917 added $500 to the compensation given by the act of 1897.

The county existed as a unit of government when the State was organized under the Constitution of 1796, and is an integral part, an arm, of the State. *Hill* v. *Roberts*, 142 Tenn., 222, 217 S. W., 826. No distinct line of demarcation can be drawn between county officers and State officers, with official duty as the only test, nor between

county purposes and State purposes with objective as the only test. *County* v. *Judges,* 3 Shan. Cas., 527.

It is not necessary to fix the line of demarcation in order to reach a correct conclusion in the case under consideration. It is sufficient to refer to the interdependence of the two. They jointly use the jails and workhouses, and many officers chosen by the counties render service to both State and county. They collaborate in matters of schools, highways, the collection of revenue, and the public health service.

After the office of county solicitor was abolished many of the duties of that officer were imposed upon the district attorney. He is now required, among other things, to audit and certify bills of cost taxed against the county; to render opinions to county officers touching their official duty; to see that executions are issued by the several clerks for the collection of county revenue; to move against the sheriff and justices of the peace for revenue under the small offense law; and to bring defaulting county officers to settlement.

The particular locality is interested in the preservation of peace consequent upon the honest and efficient administration of the district attorney's office, and the county is allowed all the revenue derived from fines and forfeitures arising out of the successful prosecution of misdemeanors. Within the last annual period before the bill in this cause was filed to challenge the validity of the act in question Davison county received into its treasury from fines and forfeitures alone $8,278.50, and from litigation tax $3,990. Within the same period the State received as a result of judgments in felony cases $2,010.

When chapter 58 of the Acts of 1897 was passed appropriating to the State the fees of the office and providing a salary for the district attorney, the counties were relieved from paying the fees taxed as cost against the county, which in Davidson county was no inconsiderable sum as compared to the salary allowed by the State. When this act was passed the counties were allowed to retain the proceeds arising from the prosecution of misdemeanors by the district attorney's office.

The constitution does not in express terms, nor by implication, forbid the legislature from withdrawing any part of the funds derived from fines and forfeitures, and for that matter the tax on litigation from the county. All or any part of the fines, forfeitures, and litigation tax which is now paid to the counties could have been taken and applied to State purposes, or the county could be authorized to appropriate such funds to any legitimate public purpose. The successful administration of the district attorney's office in the congested centers where the criminal elements gather is a public purpose, a purpose in which the people of the locality and the people of the entire State are interested.

Upon reconsideration the court cannot adhere to the conclusion in *Maynatt* v. *Trotter,* because chapter 58, Acts 1897, and chapter 517, Private Acts 1923, do not involve an exercise of the taxing power, and the question of whether or not the appropriation was for a county purpose is not controlling. The act does not violate any provision of the constitution.

Reversed.