Harry F. Newton *v.* Hamilton County, *et al.*

(*Knoxville.* September Term, 1930.)

Opinion filed December 15, 1930.

SHEPHERD, CARDEN, CURRY & LEVINE, for complainant, appellant.

WILL F. CHAMLEE and B. E. TATUM, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill sought a declaratory judgment in construction of Chapter 675 of the Private Acts of Tennessee for 1929, providing for a Juvenile and Domestic Relations Court for Hamilton County. The Chancellor sustained a demurrer challenging the constitutionality of the Act on several grounds, among others because it provides that

the expenses of this County Court shall be a joint charge against the City of Chattanooga and the County of Hamilton. (Sections 2 and 4.)

Touching this question the learned Chancellor held that the maintenance of this County Court is not a municipal, as distinguished from a County, purpose. He says: "In the cases of *Ransom* v. *Rutherford County,* 123 Tenn., 1; *Berry* v. *Shelby County,* 139 Tenn., 541; *Hill* v. *Roberts,* 142 Tenn., 225, and others that might be cited, our Supreme Court has taken a liberal view of what may constitute a municipal or a county purpose, within the meaning of Section 29 of Article 2 of the constitution, but in all of said cases it can be seen that the enterprise in question was of benefit to the municipality or the county as such. The Court undertaken to be established by the present act is both in name and in fact a court of and for the county. The City of Chattanooga takes no benefit from it as a municipality, or otherwise than such as may arise from the fact that its territory is within and a part of the county. The same is true of the taxpayers and inhabitants of the City. In a broad sense it could be said that whatever serves the purposes of the county benefits the City, but this affords no justification for the levy of a municipal tax for a county purpose. The county judge and his monthly court serve a county purpose and incidentally benefit the City of Chattanooga, and its inhabitants, but no one would claim that the City could be required to pay a part of the county judge's salary. For the purposes of taxation, a county purpose and a municipal purpose are distinct things. *Knoxville* v. *Lewis,* 12 Lea, 180, 186-7. I am of opinion that this provision of the act contravenes Section 29, Art. 2 of the Constitution."

To this we are constrained to agree. The reasoning of the Chancellor is convincing and hardly requires elaboration.

Learned counsel frankly concede on their brief that this is a "serious question." It seems clear that this act creates a court for the County in pursuance of a County purpose. This is not a case of a joint enterprise or undertaking as in *Hill* v. *Roberts,* 142 Tenn., 222, to which the different taxing entities contribute. Here we have a strictly County institution in pursuance of a clearly County purpose, to which it is sought to require the City to contribute. The judge is to be elected by the qualified voters of the County and he, in turn, appoints probation officers and other assistants. He is strictly a County official, as is the County Judge, or Trustee, and the service he renders is to the County. That the City lies within the County, and that residents of the City may be benefited, is not a controlling fact. They are also residents of the County and it is as such, and not as residents of the City, that they derive benefits. The taxpayer within the City, in paying his County taxes, pays his proportionate part of the County expenses. His City taxes he pays for City purposes, to which the taxpayer in the County outside of the City does not contribute. It is proper that the burden of taxation should be distributed without confusion and that City funds should be restricted in distribution to City purposes.

*Davidson County* v. *Kirkpatrick,* 150 Tenn., 546, relied on, is distinguishable. There it was found that the officer in question was performing many duties for the County, *as such.* His services did not inure to the benefit of the residents of the County as incidental merely to their citizenship of the State. To adopt the argument made

would be to disregard all distinctions of tax administration between State, County and City. As said in the Kirkpatrick case, "This Court has declared acts void, more than once, which conferred power upon County Courts to supplement the salary of judges. The nature of the judicial office renders the judge a State officer strictly." So, the nature of this judgeship renders the judge a County officer as distinguished from a City officer. Perhaps his jurisdiction is so extended by provisions of the Act as to make him also a State officer, but he cannot be regarded as a City officer.

In *Mayor & Aldermen of Knoxville* v. *Lewis, supra,* this Court stressed the distinction between a County and a municipal purpose, noted above, and held the act under consideration obnoxious to the Constitution, Art. II, Section 17, for omission in the caption of reference to the "independent subject" of municipal taxation dealt with in one section of the Act. And see *Burke* v. *Memphis,* 94 Tenn., 694, holding that municipal taxes are not included under the terms of an Act to provide State and County revenue.

The caption in the act before us is similarly deficient. It relates wholly to Hamilton County. There is no reference to the municipality whose revenues are subjected and disposed of in the body of the act.

Again, constitutional objection to the act is strengthened by the fact appearing on the pleadings that other municipalities than Chattanooga lie within the County of Hamilton, and whose citizens will enjoy *pro tanto* like benefits, but who are exempt from participation in the charge. It is plausibly suggested that this is a discrimination under Sec. 8 of Art. 11 of the Constitution.

Other questions were made and considered by the Chancellor. However, we are content to rest our concurrence with the Chancellor on the grounds stated, making it unnecessary to pass on other questions, and his decree will be affirmed.