HUMPHREYS COUNTY *ex rel.* CHERRY BOTTOM DRAINAGE DIST. *v.* BURCH *et al.*

(*Nashville,* December Term, 1942.)

(Opinion filed January 30, 1943.

ROY CARTER, of Waverly, and STOUT & PORTER, of Clarksville, for appellants.

MACK C. SIMPSON and J. E. TUBB, both of Waverly, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The chancellor held Chapter 684 of the Private Acts of 1937 creating the Cherry Bottom Drainage District constitutional and valid.

The first bill was filed thereunder for the collection of taxes for the year 1937; and the second, for the collection of taxes for the year 1938.

The defendants demurred to the bill on the ground that said Private Act was unconstitutional in that, among other things, it violated Article 2, Section 29 of the Constitution of Tennessee, which provides, in part, as follows:

"The General Assembly shall have power *to authorize the several counties and incorporated towns in this State,* to impose taxes for county and corporation purposes respectively, in such manner as shall be prescribed by law; . . . " (Italics ours.)

The chancellor overruled the demurrer and the cause is here on appeal.

The above Act was intended to apply to a civil district in Humphreys County and was intended to redeem certain waste lands and to improve the health of the people occupying the lands affected.

Section 7 of said Private Act provides:

"That it shall be the duty of the Directors to obtain a list of the amounts of money each landowner along said ditch in said district has paid out as sponsor for said WPA Project in digging said ditch, and then shall estimate an amount which they think will pay the expenses of the Directors and employees in the reasonable maintenance, upkeep and perhaps repair of said ditch and lateral tributaries, and make an assessment against

each $100.00 assessed valuation of real estate in said district, according to the assessments of the Trustee's office, in such amount as will create sufficient fund to pay back to said sponsors the amount of money that they have advanced in sponsoring said WPA Project with interest and also take care of the expenses of the Directors in the maintenance of said ditch and laterals, within two years, such tax rates not to exceed $1.00 on $100.00 worth of real estate, and after the expiration of the two years, and the payment of the money to said sponsors, the rate of tax for the upkeep and maintenance of said ditch and laterals shall not exceed twenty-five cents on the $100.00 of real estate.''

In *Quinn* v. *Hester,* 135 Tenn., 373, 186 S. W., 459, it was held that Chapter 667, Private Acts of 1915, incorporating a school district, levying a school tax on such district, and providing for its collection by the county trustee, is not in contravention of the Constitution, Article 2, Section 29, forbidding the delegation of the power of taxation except to counties or incorporated towns. However, in that case the Legislature fixed the amount of the tax rate in the Act and no discretion was left to the school district authorities.

In *Keesee* v. *Civil District Board of Education,* 46 Tenn. (6 Cold.), 127, it was held that the Constitution of the State, Section 29 of Article 2, authorized the Legislature to confer the power of taxation on the counties and incorporated towns, but in the opinion it was stated that the implication is irresistable that the expression of the authority to delegate the power of taxation to the counties and towns, is an absolute exclusion of authority to delegate the power to any other agency. See, also, *Waterhouse* v. *Cleveland Public*

*Schools,* 55 Tenn. (8 Heisk.), 857; *Lipscomb* v. *Dean,* 69 Tenn. (1 Lea), 546; *Smith* v. *Carter,* 131 Tenn., 1, 173 S. W., 430.

These authorities go upon the proposition that the power given under said constitutional provisions to the counties and cities was an intendment to exclude all other local bodies. No such power was given to school districts, road districts, drainage districts, and kindred local agencies.

In the Private Act in question in this cause it is left discretionary with the board of directors of the Drainage District to say what rate of taxation, not to exceed one dollar on every one hundred dollars worth of real estate, shall be assessed, and this provision in said Act, in our opinion, renders it unconstitutional and invalid.

In the *Quinn Case,* Mr. Justice GREEN, now Chief Justice, in considering the validity of an act creating a city school district in Carroll County, said:

"Considering the second objection first, an examination of the act shows that there has been no attempt whatever to delegate the power of taxation. The tax for which the act provides is imposed directly by the Legislature. No discretion whatever concerning the imposition of this tax is left to the school district. *The rate of the tax is fixed* and the levy is made by the statute, and the collection of the tax committed to the county trustee, who is directed to collect it along with all other taxes according to the general laws of the State. Inasmuch as there is no attempted delegation of authority to the school district, section 29 of article 2 of the Constitution has no application." (Italics ours.)

In *Williamson* v. *McClain,* 147 Tenn., 491, 249 S. W., 811, the constitutionality of the Private Acts of 1921,

Chapter 416, section 7, authorizing and requiring the board of commissioners of a special school district created by the Act to levy a school tax, though fixing a maximum rate, was held to be an unlawful delegation of taxing power, which can be delegated only to counties and incorporated towns.

It results that the decree of the chancellor will be reversed and complainant's bill dismissed.