The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Appellant,

v.

Clarence E. REYNOLDS, Jr., et al., Appellees.

Supreme Court of Tennessee.

April 15, 1974.

Milton H. Sitton, William F. Howard, Nashville, for appellant.

Cecil D. Branstetter, Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, for appellees.

OPINION

FONES, Justice.

Appellant, the Metropolitan Government of Nashville and Davidson County, filed suit seeking a declaratory judgment that T.C.A. §§ 2–1315, 2–1324 and 2–1325 are unconstitutional and in violation of Article 2, Section 29, and Article 11, Section 9, of the Tennessee Constitution. The learned chancellor, sitting by designation, dismissed the complaint, finding the aforementioned statutes constitutional. Appeal was brought direct to this Court pursuant to T.C.A. § 16–408, there being no factual dispute below.

The complaint alleges that a political party has notified the Davidson County Election Commission to hold a countywide party primary election on May 2, 1974; that when the costs of holding said primary are certified to appellant, pursuant to T.C.A. § 2–1219, it will be required to pay same and said costs are estimated to be $72,000; that appellant's Metro Council has unanimously defeated a resolution that would authorize the payment of said costs.

Appellant seeks to avoid payment of the cost of the May primary on two grounds. First, it is alleged that T.C.A. § 2–1315 grants to political parties a choice of nominating their candidates by primary election which would result in the expenditure of tax dollars, or by other methods not requiring the use of public funds; that the discretion to expend tax money is the power to tax, and that granting said power to a political party violates the Constitution of Tennessee, Article 2, Section 29.

Article 2, Section 29 provides in pertinent part that:

"The General Assembly shall have power to authorize the several counties and in-

corporated towns in this State, to impose taxes for County and Corporation purposes respectively, in such manner as shall be prescribed by law . . . ."

T.C.A. § 2–1314 provides for a compulsory primary election in August, while T.C.A. § 2–1315 provides for a discretionary primary election in May.

In Gates v. Long, 172 Tenn. 471, 113 S.W.2d 388 (1938), the expense of holding a party primary election was under attack as being in contravention of Article 2, Section 29 of our Constitution. It was expressly held therein that a primary for candidates running statewide served a public purpose, common to both state and county, and that a county tax could be properly levied for such a purpose. The May primary authorized in T.C.A. § 2–1315 involves the party nomination of candidates for county offices, principally, and the propriety of using county funds is clearly within the rule of *Gates*.

Appellant asserts that Gates v. Long, supra, Humphreys County v. Burch, 179 Tenn. 562, 167 S.W.2d 992 (1943), McConnell v. City of Lebanon, 203 Tenn. 498, 314 S.W.2d 12 (1957), and other cases cited, support the proposition that an entity which has the discretion of spending tax money has the power to impose a tax. We do not find that principle enunciated or necessarily implied in any of said cases.

To sustain appellant's constitutional attack it would be necessary that we construe the subject statute as a delegation of power to political parties to impose a tax. In interpreting the statute, we must adhere to the following principle of constitutional law announced in Cole Manufacturing Co. v. Falls, 90 Tenn. 466, 16 S.W. 1045 (1891), and followed in many subsequent cases:

"It is well to observe in the outset that all intendments are in favor of the constitutionality of an act of the legislature, passed with the forms and ceremonies requisite to give it the force of law; and that where one construction will make a statute void on account of conflict with the constitution, and another would render it valid, the latter will be adopted by the courts, even though the former, at first view, be otherwise the more natural interpretation of the language used. Every reasonable doubt must be solved (sic) in favor of the legislative action. (Citations omitted)."

In State ex rel. Motlow v. Clark et al., 173 Tenn. 81, 114 S.W.2d 800 (1938), the Court upheld the validity of a statute that required elections on the question of permitting and legalizing the manufacturing of intoxicating liquors within the county upon the filing with the Quarterly County Court of a petition requesting such an election and signed by ten per cent or more of the qualified voters of the county. The Court said:

The further argument is advanced that the question of financing such an election and the time of year in relation to crops, weather, etc., are factors to be considered by the court in determining whether or not it will call the election. These, and such like, were elements for the consideration of the legislature when it enacted the statute. It is contended that there may be repeated elections, all at the cost of the county. With the wisdom of the statute, the courts have nothing to do.

In State v. Matthews, 173 Tenn. 302, 117 S.W.2d 2 (1938), the Court, in reaching its final determination of the case, observes that no distinction is to be made between voluntary primaries, called at the discretion of executives of each political party, and compulsory primaries, mandated by the legislature.

In enacting T.C.A. § 2–1315, the Legislature authorized a May primary, if a political party decided to nominate by pri-

mary election. The Legislature has imposed the burden of paying for an August primary and a May primary, if held, on the counties by T.C.A. § 2–1219, and the power to levy and collect a tax to pay for said primaries is vested in the counties of this state. That power does not shift to a political party by virtue of its decision to utilize the primary machinery of a county to nominate candidates. We believe this to be the natural interpretation of the statute and its effect, and said interpretation preserves its constitutionality.

■ Appellant's second contention is that the chancellor erred in holding that T.C.A. §§ 2–1324, 2–1325 were not violative of the Constitution of Tennessee, specific reference being made to Article Eleven, Section Nine, the "Home Rule" amendments. Appellants assert that T.C.A. §§ 2–1324, 1325 are invalid because they do not provide for approval by ⅔ of the local legislative authority or by a majority of the affected local voters.

The second paragraph of Article 11, Section 9, enacted as part of the 1953 Constitutional Amendments, reads:

"The General Assembly shall have no power to pass a special, local or private act having the effect of removing the incumbent from any municipal or county office or abridging the term or altering the salary prior to the end of the term for which such public officer was selected, and any act of the General Assembly private or local in form or effect applicable to a particular county or municipality either in its governmental or its proprietary capacity shall be void and of no effect unless the act by its terms either requires the approval by a two-thirds vote of the local legislative body of the municipality or county, or requires approval in an election by a majority of those voting in said election in the municipality or county affected."

The above quoted Constitutional provision wholly deprives the Legislature of any authority to enact laws affecting incumbent officeholders of any county or municipality, but merely conditions or limits the legislative authority to enact laws "private or local in form or effect applicable to a particular county or municipality." Shelby County v. Hale, 200 Tenn. 503, 508–511, 292 S.W.2d 745, 746–748 (1956).

■ Appellant's attack upon T.C.A. §§ 2–1324, 2–1325 must fail for two reasons. First, the act codified in these Code sections applies, by its explicit terms, to *all counties,* opting for a metropolitan form of government according to the provisions of Title 6, Chapter 37, T.C.A. Because the sections are general and amendatory of the state election laws, no local ratification is required by Article 11, Section 9 of the Constitution. Title 6, Chapter 37, T.C.A. authorizes each county in the state to adopt a metropolitan form of government. There is no merit to appellant's contention that because it is the only metropolitan government in the state, at this time, T.C.A. §§ 2–1324 and 2–1325 are of local application.

Secondly, even assuming the validity of appellant's assertion, the Metropolitan Government of Nashville and Davidson County would be required to pay the costs of primary elections. T.C.A. § 2–1219 requires that counties pay the costs of primary elections, and T.C.A. § 6–3720 renders metropolitan governments, in whatever county, successors to the obligations of the counties and cities consolidating, and liable therefor.

The decree of the Chancellor, sustaining the constitutionality of T.C.A. §§ 2–1315, 2–1324 and 2–1325 and dismissing the complaint, is affirmed, at appellant's cost.

DYER, C. J., CHATTIN and McCANLESS, JJ., and LEECH, Special Justice, concur.

OPINION ON PETITION TO REHEAR

FONES, Justice.

Appellant has filed a petition to rehear, expressing apprehension as to the effect of a portion of our opinion on future legislative acts applying to Tennessee's only Metropolitan Government at this time, or only to such Metropolitan Governments as may exist in the future, from time to time.

Appellant insists that the first ground which we gave for repelling its attack upon T.C.A. §§ 2–1324, 2–1325 (Public Acts of 1973, Chapter 363) will be cited as authority that all future legislative acts affecting Metropolitan forms of government will be general acts not subject to the Home Rule Amendment of Article 11, Section 9 of the Tennessee Constitution.

Appellant concedes that the Metropolitan Government of Nashville and Davidson County is required to pay the costs of primary elections, pursuant to T.C.A. § 2–1219 and T.C.A. § 6–3720, in accord with the foregoing opinion.

■ The justiciable issue presented by appellant was fully disposed of in applying the two sections above mentioned. There was no necessity for our consideration of the constitutionality of T.C.A. §§ 2–1324, 2–1325 (Public Acts of 1973, Chapter 363) and we should have refrained from so doing. That portion of the opinion was clearly obiter dictum and is not binding under the doctrine of stare decisis. See 20 Am.Jur.2d Courts, §§ 74 and 190.

By leaving the validity of our remarks in regard to said 1973 Act to future litigation, unencumbered by stare decisis, we quell appellant's apprehension, and otherwise affirm our original opinion.

DYER, C. J., CHATTIN, and Mc-CANLESS, JJ., and LEECH, Special Justice, concur.