STATE *ex rel.* P. L. HARNED *v.* E. P. MEADOR *et al.*

(*Nashville.*   December Term, 1925.)

**1. SCHOOLS AND SCHOOL DISTRICTS.**

Maintenance and control of public schools is legislative function, and legislature, in order to promote them, may levy taxes directly, or may authorize counties to levy tax or require them to do so. (*Post, pp.* 637, 638.)

Acts cited and construed: Acts 1925, ch. 115; Acts 1921, ch. 40, sec. 1.

Cases cited and approved: Demoville v. Davidson County, 87 Tenn., 214; Quinn v. Hester, 135 Tenn., 373; Hill v. Roberts, 142 Tenn., 215.

Constitution cited and construed: Art. 2, sec. 29.

**2. SCHOOLS AND SCHOOL DISTRICTS.**

Acts 1925, chapter 115, requiring each county to provide funds to erect and maintain at least one first-class four-year high school, *held* not violative of Constitution, article 2, section 29, as infringing right of local determination of taxes for county purposes. (*Post, pp.* 637, 638.)

Case cited and approved: Leeper v. State, 103 Tenn., 534.

**3. SCHOOLS AND SCHOOL DISTRICTS.**

State has power to require county courts to provide for establishment and co-operate in maintenance of county high schools, as was done by Acts 1925, chapter 115. (*Post, pp.* 638-640.)

Acts cited and construed: Acts 1925, ch. 115.

**4. MANDAMUS.**

Where law prescribes specific duty or act to be performed, court may by mandamus compel public officials to perform duty, leaving to their own judgment and discretion manner of performance. (*Post, p.* 640.)

Case cited and approved: Insurance Co. v. Craig, 106 Tenn., 640.

State ex rel. v. Meador.

5. **MANDAMUS.**

School authorities may be compelled by mandamus to perform duty of providing proper school facilities. (*Post, p.* 640.)

6. **MANDAMUS.**

Mandamus is authorized, where there has been an evasion or omission of duty touching public matter. (*Post, pp.* 640, 641.)

7. **MANDAMUS.**

Where county court refused to take action to make provision for county high school, as required by Acts 1925, chapter 115, mandamus may issue without previous demand made that they take action, (*Post, pp.* 640, 641.)

8. **COUNTIES.**

Justices of the peace, assembled in county court to represent county, are clothed with exclusive authority to act for county in its *quasi*-corporate capacity. (*Post, p.* 641.)

9. **MANDAMUS.**

Discretion of county court in establishing county high school under Acts 1925, chapter 115, could not be directed or controlled by mandamus. (*Post, p.* 641.)

10. **MANDAMUS. Mandamus to compel county court to provide for county high school, leaving court free exercise of judgment and discretion as to manner and means of performance, held within chancellor's discretion (Acts 1925, chapter 115).**

Writ of mandamus to compel county court to provide for county high school, as required by Acts 1925, chapter 115, leaving to county court free exercise of judgment and discretion as to manner and means of performance, *held* within discretion of chancellor. (*Post, p.* 641.)

---

FROM MACON.

---

Appeal from the Chancery Court of Macon County.— Hon. W. R. Officer, Chancellor.

FRANK M. THOMPSON, L. A. LIGON and H. B. MCGINNESS, for appellants.

J. T. BASKERVILLE and WM. P. SMITH, for appellee.

MR. JUSTICE COOK delivered the opinion of the court.

The chancellor awarded peremptory mandamus to compel the county court of Macon county to make provision for a county high school, as required by chapter 115, Acts of 1925. Appeal was prayed and granted, and through assignments of error it is insisted, on behalf of the members of the county court of Macon county, that.

(1) The writ is premature, because the board of education had not submitted a budget for action of the court, as required by the School Law of 1925, and no demand had been made on the court to observe the statute.

(2) That the county court in good faith attempted to observe the statute through the only means within the power of the court to provide the necessary funds, in proposing the issuance of bonds, and in three successive elections the proposal was defeated by the vote of the people, and without public approval the court is without authority to authorize a bond issue.

(3) That the only other means for raising the money to provide a high school would be by a direct tax, and the levy of taxes is not a ministerial function, but involves discretion to be exercised by the county court, which discretion cannot be controlled by mandamus.

(4) That a statute to compel the court to levy taxes for school purposes contravenes article 2, section 29, of the Constitution, and violates the right of local self-

government, and that the court cannot be compelled under such a statute to levy the tax.

Section 14, chapter 115, Acts of 1925, requires that provision be made by the counties of the State for at least one four-year high school in every county, and subsection 9 of section 9 imposes the duty upon the county court to provide funds to erect a suitable building, and maintain at least one first-class four-year high school according to the provisions of the act.

These requirements did not originate with the act of 1925. Chapter 40, section 1, Acts of 1921, created a first-class high school in each county, and subsequent provisions of the act imposed the duty on the county courts to levy a tax for their benefit.

The public school system is a matter of State, and not local, concern, and the establishment, maintenance, and control of the public schools is a legislative function. To promote the public schools, the State, through the legislature, may levy taxes directly, or the State, having as it does, full control over its agencies, the counties, may authorize them to levy a tax, or may by statute require them to levy a tax for the establishment and maintenance of public schools. *Demoville* v. *Davidson County,* 87 Tenn., 214, 10 S. W., 353; *Quinn* v. *Hester,* 135 Tenn., 373, 186 S. W., 459; *Hill* v. *Roberts,* 142 Tenn., 215, 217 S. W., 826.

The exercise of the taxing power to promote a system of public schools for all the counties does not infringe upon the right of local self-government, because a public school system, like a highway system, a penal system, or a matter of public health is not of purely local, but of State, concern. The State is a unit, and the legislature

is the State's source of legislative power, from which flows the mandate of the State. Whether or not there should be a uniform system of public schools is a question of policy, which addressed itself solely to the legislative department of the State. *Leeper* v. *State,* 103 Tenn., 534, 53 S. W., 962, 48 L. R. A., 167; 1 Cooley, Taxation (4th Ed.), pp. 915, 916.

The power of the State to require the county courts to provide for the establishment, and co-operate in the maintenance, of the county high schools cannot be doubt-ed. But, supposing this to be so, appellants insist that they have discharged the duty imposed by statute in the submission of bond issues to the voters of the county. The question was submitted in November, 1923, March, 1924, and again in September, 1925. Each submission resulted in disapproval by the voters of the county of the proposal to issue bonds for high school purposes. The last submission was for the issuance of $40,000 of bonds for use in erecting and equipping a high school building as required by the statute. The proposal was decisively defeated. The result was so decisive as to suggest the futility of another submission within any reasonable period.

At the July term, before the last submission to the voters of the county, the county superintendent appeared before the court, and directed the attention of its members to the duty of the county under the act of 1925. The court appointed a committee to inquire about the cost of a high school building, and the committee reported plans for a modern structure, at a cost of about $40,000. The report of the committee was made to the October term, 1925, just after the proposal to issue bonds was

rejected in the third submission voted on and defeated in September.

In this situation a petition was presented by citizens and taxpayers of the county asking the court to provide for a four-year high school by a direct tax levy under subsection 9 of section 9 of chapter 115, Acts of 1925. The chairman of the court submitted the question of whether any action should be taken on the petition of these citizens, and by a vote of twenty-one to six the court refused to consider the petition. A member of the court then moved the court to levy a direct tax sufficient to provide $12,000 building fund to be used by the board of education to procure a building for a four-year high school at a place to be selected by the board; provided citizens at the place selected donate $4,000 as a supplementary fund. The chairman of the court ruled the motion out of order. Upon a motion to reconsider the petition of the citizens for a direct levy, the matter was re ferred to the January term, 1926.

The chancellor, after reviewing the facts, found that from the action at the October term of the court the refusal to take some steps looking to the erection of the high school building and provide for the maintenance of the school evinced a determined purpose not to comply with the statute, and upon that conclusion awarded the peremptory writ.

The order requires the quarterly court of Macon county to levy, and cause to be collected, a tax, or by other lawful means to provide funds suitable for the erection and maintenance of at least one first-class four-year high school in Macon county, as provided by chapter 115, Acts of 1925.

The quarterly court is required by this order to observe the mandate of the statute, and the order leaves to the court the free exercise of judgment and discretion in the manner of performance.

Where the law plainly prescribes a specific duty or a specific act to be performed, which is due in point of it, but has been refused, if simply effecting a private right, or only omitted if of public concern, the court may interfere at the instance of the proper parties, and by mandamus set those public officials charged with the duty in motion, leaving to them, however, the free exercise of their own judgment and discretion in the manner of performance. High, Extraordinary Legal Remedies, sections 34, 36, 41; *Insurance Co.* v. *Craig,* 106 Tenn., 640, 62 S. W., 155.

As constituted, our system of government brings the county court of the several counties into, and makes them a part of, the administrative force in the management of the school system. The courts select certain school officials, and control the levy and appropriation of school taxes within the counties. School authorities may be compelled by mandamus to perform their duty toward providing school facilities. 18 R. C. L., 246; 38 C. J., 779.

The county court by its action at the October term, after the three submissions to a vote of the people and their refusal to authorize the issuance of school bonds, not only omitted taking action as required by the act, but declined to move toward observance of the law. Under these circumstances no preliminary demand upon respondents to observe the law was necessary. The writ of mandamus is authorized, where there has been an evasion or an omission of duty touching a public mat-

ter, and under these circumstances no demand for action was required as a condition precedent.

The duty of the county court to provide for the high school was a public duty expressly imposed by the statute. No other agency of the State was clothed with the power to perform that duty which the court omitted by a postponement of the request for a tax levy to the January term. The effect of such postponement necessarily resulted in delay for another year. The justices of the peace assembled in the county court represent the county, and are clothed with exclusive authority to act for the county in its *quasi*-corporate capacity.

The writ awarded by the chancellor in no sense invades the discretion reposed in the county court, but merely commands the members of the court to take action, as the responsible agents of the county, to observe the positive requirements of the statute. Their discretion was not, and could not be, directed or controlled. Mandamus lies to produce action regulated by the discretion with which the members of the court are clothed, as a means toward the end of accomplishing the positive requirements of the law. The writ awarded by the chancellor accomplishes the purpose of setting in motion the representatives of the county, public officials clothed with exclusive power to provide for the erection of the school building, and to provide means by which the county may contribute its share toward the maintenance of the school, and the writ leaves to the court a free exercise of judgment and discretion as to the manner and means of performance.

The chancellor did not exceed his discretionary powers, and his decree is affirmed.