SPEAKMAN *v.* THE STATE OF OHIO,
DEPARTMENT OF REHABILITATION
AND CORRECTION.

(No. 86AP-793 — Decided
February 26, 1987.)

*Ricky Allen Speakman, pro se.*
*Anthony J. Celebrezze, Jr.,* attorney general, and *Stuart A. Cole,* for respondent.

BOWMAN, J.  Petitioner has filed an original action styled as a motion for a fast and speedy trial which we have construed as a request for a writ of mandamus. Petitioner has requested that this court order respondent Ohio Department of Rehabilitation and Correction to conduct a "Fast and Speedy Hearing" on the issue of petitioner's parole revocation.

Petitioner was paroled on July 18, 1985 and was to serve his parole with his parents in Pickaway County, Ohio. On February 15, 1986, his parole was transferred to Oklahoma where he was to reside with his sister and brother-in-law. Due to his conviction of second degree rape while on parole, petitioner is presently incarcerated in Oklahoma.

This cause of action is before the court on respondent's Civ. R. 12(B)(6) motion to dismiss, to which petitioner has not responded. This matter was referred to a referee, pursuant to Civ. R. 53 and Section 13 of Loc. R. 11, who recommended that respondent's motion be sustained. Upon examination of the report of the referee, this court adopts the recommendation and report as its own, and it is the judgment of this court that respondent's motion to dismiss be granted.

Ohio Adm. Code 5120:1-1-18(G)(1)(a) provides that no on-site hearing need be held when the releasee has been found guilty of any new offense under the law of any state. However, petitioner contends that under the guidelines of *Morrissey* v. *Brewer* (1972), 408 U.S. 471, he is entitled to a parole revocation hearing in regard to his Ohio parole.

The issue before us is whether a hearing must be held at this time, before the parolee is taken into custody as a parole violator. This issue was addressed in *Moody* v. *Daggett* (1976), 429 U.S. 78, wherein the court held that there is no constitutional duty to provide an adversary parole hearing until the individual is taken into custody as a parole violator. The court stated that petitioner's confinement and subsequent loss of liberty did not derive from his violating parole, but stemmed from his conviction for crimes committed while on parole. Thus, deferring the revocation decision does not have any present or inevitable effect upon the liberty interests which *Morrissey, supra,* sought to protect. Also, the court found that nothing in the statutes or regulations gave petitioner the "right" to force a decision regarding his parole at this time.

In addition, the court stated:

"Finally, there is a practical aspect to consider, for in cases such as this, in which the parolee admits or has been convicted of an offense plainly constituting a parole violation, the only remaining inquiry is whether continued release is justified notwithstanding the violation. This is uniquely a 'prediction as to the ability of the individual to live in society without committing antisocial acts.' *Morrissey, supra,* at 480. In making this prophecy, a parolee's institutional record can be perhaps one of the most significant factors. Forcing decision immediately after imprisonment would not only deprive the parole authority of this vital information, but since the other most salient factor would be the parolee's recent convictions, * * * a decision to revoke parole would often be foreordained. Given the predictive nature of the hearing, it is appropriate that such hearing be held at the time at which prediction is both most relevant and most accurate—at the expiration of the parolee's intervening sentence." *Moody, supra,* at 89.

The Ohio Supreme Court succinctly set forth the requirements a petitioner must meet in establishing the right to a writ of mandamus in *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29, 6 OBR 50, 50-51, 451 N.E. 2d 225, 226-227, wherein the court noted that:

"* * * This court has consistently held that in order for a writ of mandamus to issue the relator must demonstrate '(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.' *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41, 42 [8 O.O. 3d 36]; *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6 [15 O.O. 3d 3], paragraph one of the syllabus; *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O. 3d 53], paragraph one of the syllabus."

Since respondent does not have a clear legal duty to provide petitioner with a parole revocation hearing at this time, a writ of mandamus will not lie. Neither petitioner's life, liberty, nor property interests are impaired by respondent's failure to conduct a parole revocation hearing relative to petitioner's subsequent conviction until petitioner is returned to Ohio. Accordingly, this court finds respondent's motion to dismiss well-taken and petitioner's complaint is hereby dismissed.

*Motion sustained and complaint dismissed.*

STRAUSBAUGH, P.J., and WHITESIDE, J., concur.