OPINION AND JOURNAL ENTRY
On March 11, 2002, Petitioner filed a complaint in mandamus seeking an order to compel Respondent, the duly elected Clerk of Courts for Columbiana County, Ohio, to file a Civ.R. 41 Voluntary Dismissal offered for filing in Columbiana County Domestic Relations Court Case No. 02-DR-64, captioned Tammy Pierce v. Joel Day Pierce, Sr. Petitioner asserts that Respondent had refused to accept the pleading for filing in the referenced case when submitted for filing. Petitioner asserts a clear right to have the pleading filed and Respondent has a clear duty to accept it for filing.
On March 26, 2002, this Court issued an order granting Respondent twenty-eight (28) days to file an answer or otherwise plead. On April 12, 2002, Respondent filed a motion to dismiss. On May 6, 2002, Respondent filed a supplement to the motion. On May 7, 2002, Petitioner filed a response to the motion to dismiss and on May 24, 2002, a response to what Petitioner characterized as a combined motion to dismiss/motion for summary judgment. The motions now come on for decision.
At the outset, we note that it is quite apparent that this case appears to be one of forum shopping to obtain a favorable position relative to custody and property division issues, a common practice in the profession.
This divorce action was originally filed in Trumbull County. At that time, plaintiff lived in Trumbull County and defendant lived in Columbiana County. Plaintiff subsequently moved to Florida. Having no further connection with Trumbull County, the case was transferred to Columbiana County on January 24, 2002. In the meantime, plaintiff and the parties' minor child were establishing residency in Florida. Divorce trial was scheduled for May 30, 2002. No answer or counterclaim was filed before Petitioner attempted to voluntarily dismiss her complaint. On March 7, 2002, an employee of counsel for Petitioner attempted to file a document styled as a "Voluntary Dismissal", but what appears to actually be a judgment entry. The Respondent refused it for immediate filing for the reason that the same document contained a signature line for the trial court, indicating that the matter was ordered to be dismissed. As the signature line did not contain the signature of a magistrate or a judge, and the filing looked to actually be a judgment entry, the document was not file-stamped. Instead, the document was placed in the Magistrate's basket for review and filing after signing. On the following day, an employee of Petitioner's counsel hand-delivered a copy to the Magistrate's office and was unable to secure the necessary signature. The employee was advised that the document would be placed on the Magistrate's desk for review. (Affidavit of Kevin Miller).
On March 11, 2002, defendant filed an Answer and Counterclaim in the divorce action. On March 12, 2002, Magistrate Dailey signed and filed the "Voluntary Dismissal". While the complaint for divorce had now been dismissed, the counterclaim, which had been filed the preceding day, remained for adjudication. This petition for writ of mandamus was filed the same day that the Answer and Counterclaim was filed in the underlying divorce action. Nowhere has it been asserted that plaintiff filed an action for divorce in Florida.
By this action in mandamus Petitioner is attempting to secure an order from this Court to compel Respondent to back-date the Voluntary Dismissal and thus divest the trial court of jurisdiction to proceed to hear the counterclaim for divorce. She asserts that the Clerk has no discretion not to file a document submitted for filing. As Petitioner has characterized Respondent's motion to dismiss as also being a motion for summary judgment, we shall likewise construe it as such in this decision.
As noted in Speakman v. Dept. of Rehabilitation and Correction (1987),36 Ohio App.3d 36 at 37:
"The Ohio Supreme Court succinctly set forth the requirements a petitioner must meet in establishing the right to a writ of mandamus inState, ex rel. Berger, v. McMonagle (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 50-51, 451 N.E.2d 225, 226-227, wherein the court noted that:
 "`* * * This court has consistently held that in order for a writ of mandamus to issue the relator must demonstrate "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." State, ex rel. Harris, v. Rhodes (1978), 54 Ohio St.2d 41, 42
[8 O.O. 3d 36]; State, ex rel. Heller, v. Miller (1980), 61 Ohio St.2d 6 [15 O.O. 3d 3], paragraph one of the syllabus; State, ex rel. Westchester, v. Bacon
(1980), 61 Ohio St.2d 42 [15 O.O. 3d 53], paragraph one of the syllabus.'"
Respondent argues two bases for dismissal. First, on March 12, 2002, the Voluntary Dismissal containing a judgment entry was file-stamped of record, rendering this complaint moot. Secondly, as argued in Respondent's supplemental memorandum, Petitioner has an available legal remedy by way of appeal from the Magistrate's Decision of April 11, 2002, finding the court retained jurisdiction to decide the matter. In fact, Petitioner filed objections to the Magistrate's Decision and a hearing on those objections was scheduled for May 16, 2002. A ruling on the objections is not before this Court, but it may reasonably be surmised that they were overruled in light of the fact that on May 30, 2002, Petitioner sought a restraining order in a companion original action to restrain the court from proceeding to hear the counterclaim for divorce. (See Appeals Case No. 02-CO-21).
For the following reasons, we grant judgment in favor of Respondent and dismiss the complaint. First, subject matter jurisdiction is never waived and Petitioner may present that as a claim of error on direct appeal at the conclusion of proceedings in the trial court. This avenue of relief presents an available legal remedy, thus barring the extraordinary relief prayed for by this complaint. State ex rel. Dannaher v. Crawford (1997),78 Ohio St.3d 391. As stated therein:
 "Absent a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal." Dannaher at 393 citing to State ex rel. Enyart v. O'Neill (1995), 71 Ohio St. 655, 656, 646 N.E.2d 1110, 1112.
Based on the pleadings before this Court, it cannot be demonstrated that the trial court patently lacked jurisdiction to proceed to hear the counterclaim. Inasmuch as the document had indicia as both a Voluntary Dismissal and judgment entry granting same, it was not unreasonable for the Respondent to view it as such and require a signature before filing it for record. In fact, in the motion to dismiss, it is asserted that personnel in the Clerk's office advised the employee to present a separate Voluntary Dismissal without a judgment entry affixed thereon.
Civ.R. 41(A)(1) states in relevant part:
 "(1) By plaintiff; by stipulation. Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;"
Clearly, Petitioner could have easily voluntarily dismissed her complaint. No approval of the court was required. Petitioner, through counsel, opted to include what appeared to be judgment entry as part of that voluntary dismissal.
In the orderly process of submitting proposed judgment entries to the court for approval, the clerk acted appropriately when it could not discern whether the document was to be a pleading, a judgment entry or both.
In view of the fact that the document was not readily identifiable as a pleading or a judgment entry requiring court approval before being filed, there was no clear legal duty on the part of the Clerk to accept it for filing before a signature was obtained. Confusion as to the nature of the document could easily have been remedied by deleting the signature line in some fashion so as to make it clear to the Respondent that it was not in part a judgment entry. As stated in State ex rel. Karmasu v. Tate
(1992), 83 Ohio App.3d 199 at 205:
"The duty to be enforced by a writ of mandamus must be specific,definite, clear and unequivocal. 67 Ohio Jurisprudence 3d (1986) 218, Mandamus, Procedendo, and Prohibition, Section 19."
Petitioner herein has not demonstrated that Respondent had a clear legal duty to accept the tendered document for immediate filing in the form it was submitted.
Therefore, the Respondent's motion to dismiss this Petition for Writ of Mandamus is sustained. Petitioner has failed to demonstrate a clear legal duty on the Respondent and further, Petitioner has an available legal remedy challenging the jurisdiction of the court to adjudicate the underlying divorce at the conclusion of such proceedings.
This decision relates only to the mandamus action filed against the Clerk of Courts and is not to be construed as determinative of the issue of the jurisdiction of the Common Pleas Court to adjudicate the counterclaim for divorce.
Petition dismissed.
Costs of this proceeding are taxed against Petitioner. Final order. Clerk to serve notice of this opinion and journal entry as provided by the Civil Rules.
Vukovich, J., Waite, J., and DeGenaro, J., concur.