IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 1, 2019

## ADRIAN DELK v. STATE OF TENNESSEE

**Appeal from the Chancery Court for Hardeman County**
**No. 18991    William C. Cole, Chancellor**

———————————————————

**No. W2019-00224-COA-R3-CV**

———————————————————

Appellant inmate filed a petition for a writ of mandamus in the chancery court seeking redress for various errors involving the sentence he ultimately received following a plea of guilty to two felonies. Because we conclude that Appellant failed to show he had no other equally effective means to redress these alleged errors, we affirm the trial court's dismissal of Appellant's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and ANDY D. BENNETT, JJ., joined.

Adrian Delk, Hartsville, Tennessee, Pro se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Rob Mitchell, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

## Background

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On August 22, 2013, Petitioner/Appellant Adrian Delk ("Appellant") was indicted by a Shelby County grand jury for one count of attempted second-degree murder and two counts of aggravated assault based on allegations that he attacked his ex-girlfriend. Three months later, Appellant was indicted on the additional charge of solicitation to commit first-degree murder, allegedly for attempting to hire someone to kill the same ex-girlfriend. On February 6, 2014, in Shelby County Criminal Court ("the criminal court") Appellant pleaded guilty to aggravated assault and solicitation to commit first-degree murder. Appellant received "consecutive sentences of four years and eight years, respectively, as a Range I offender, for an effective term of twelve years at 30%." ***Delk v. State***, No. W2015-01246-CCA-R3-PC, 2016 WL 4189718, at *1 (Tenn. Crim. App. Aug. 5, 2016), *perm. app. denied* (Tenn. Oct. 21, 2016).

The genesis of this case is a petition for a writ of mandamus filed by Appellant in the Hardeman County Chancery Court ("the chancery court" or "the trial court") on August 23, 2018.[2] Therein, Appellant alleged that the criminal court failed to award proper pre-trial jail credits by using an erroneous "sentence effective date." Appellant further alleged that this error breached his plea agreement with the State of Tennessee ("the State"). Attached to Appellant's petition were the judgments from his original convictions and corrected judgments. An original judgment entered on February 6, 2014, for the solicitation of first degree murder charge indicated that Appellant had pretrial jail credit from December 5, 2013, to February 6, 2014, with the special condition "No PSS; No PSRS." On the same day, a judgment was entered on the aggravated assault charge noting that Appellant had pretrial jail credits from January 31, 2013 to February 6, 2014. This judgment noted a special condition that "ct. 1 and ct. 2 NP/NC. No PSS/PSRS." In contrast, a corrected judgment to the solicitation of first degree murder charge, entered on January 1, 2017, had the space dedicated to pretrial jail credits exed out and the following special condition included: "No pss; no psrs. This was an NIC indictment. [Appellant] cannot receive any jail credit on this ind. 13-05543 [i.e., the solicitation of murder charge] until [Appellant] completed serving sentence on Ind. 13-04041 [i.e., the aggravated assault charge]." A corrected judgment as to the aggravated assault charge was also entered on January 1, 2017; this corrected judgment likewise had the pretrial jail credit section exed out and the following special condition: "No PSS; no PSRS. [Appellant] to receive jail credit for 1/31/13 to 2/16/14. [Appellant] must serve entire sentence on this indictment prior to receiving any jail credit on Ind. 13-05543 [i.e., the solicitation charge]." Both corrected judgments were endorsed by the clerk on January 23, 2017, and indicated there were "orders attached to judgment" in the form of "corrected judgment sheet[s]"; no additional orders are attached to the judgments included in the appellate record. Appellant also attached a transcript from his plea colloquy in which the criminal court trial judge explained that he was agreeing to "a total twelve years at thirty percent eligibility."[3] As a result of the change in the judgments,

---

[2] At the time of the filing of the petition, Appellant was in the custody of the Tennessee Department of Correction in Hardeman County.

[3] Neither the corrected judgments contained in the record, nor the State's brief, offer any

Appellant alleged that he was required to spend considerably more time in jail before reaching his release eligibility date, rendering his decision to accept the plea involuntary and unknowing, as he was informed of the incorrect release eligibility date at the time of the plea.[4]

The State responded by filing a motion to dismiss on the grounds that the chancery court lacked subject jurisdiction and that the petition failed to state claim. In its accompanying memorandum of law, the State argued that the chancery court lacked subject matter jurisdiction because Appellant's petition should be construed as an effort to correct an illegal sentence, which is governed by Rule 36.1 of the Tennessee Rules of Criminal Procedure. Under Rule 36.1, such a motion must be filed in the court in which the judgment of conviction was entered, i.e., the criminal court. Tenn. R. Crim. P. 36.1(a)(1). The State further argued that Appellant's petition could be dismissed on the merits, as it did not allege facts meeting the strict requirements of the writ of mandamus action. In particular, the State argued that Appellant failed to show that he was being denied an established right. On January 23, 2019, the chancery court dismissed Appellant's petition, ruling that it was "not a proper case for the issuance of a writ of mandamus." The trial court further ruled that it lacked jurisdiction, as the proper court to adjudicate Appellant's request was the criminal court. Appellant thereafter appealed.

## Issues Presented

Appellant raises several issues concerning the propriety of the State's actions in his underlying criminal case. However, as we perceive it, this case involves one dispositive issue: whether the trial court properly dismissed Appellant's action for a writ of mandamus.

## Standard of Review

This case was adjudicated on a motion to dismiss. The trial court's decision to grant a motion to dismiss, either for lack of subject matter jurisdiction or failure to state a claim, is reviewed de novo with no presumption of correctness. ***Cannon ex rel. Good v. Reddy***, 428 S.W.3d 795, 798 (Tenn. 2014). With regard to a motion to dismiss for failure to state a claim, we have explained:

> A Rule 12.02(6) motion tests "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011). The resolution of such a motion is therefore determined by an examination of the pleadings alone. ***Id.*** The court should grant the motion to dismiss only if

---

justification for the corrections.

[4] Specifically, Appellant alleges that rather than serve twelve years at 30%, 388 days of pretrial jail credits were removed from his sentence and he is now required to serve 13.5 years at 30%.

it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief.

*Woodruff by & through Cockrell v. Walker*, 542 S.W.3d 486, 493 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Oct. 6, 2017). Our review is likewise confined to the factual allegations in the complaint with regard to the question of subject matter jurisdiction. *Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.*, 531 S.W.3d 146, 160 (Tenn. 2017). Under the applicable standard, "[t]he court presumes the factual allegations of the complaint are true. If these factual allegations establish a basis for the court's exercise of subject matter jurisdiction, then the court must uncritically accept those facts, end its inquiry, and deny the motion to dismiss." *Id.* (noting that this "analytical framework" is the same for motions to dismiss for failure to state a claim).

In contrast, the trial court's decision to issue a writ of mandamus is "a discretionary one" subject to the abuse of discretion standard of review. *Willis v. Johnson*, No. E2017-02225-COA-R3-CV, 2018 WL 4672928, at *4 (Tenn. Ct. App. Sept. 27, 2018) (citing *Grant v. Foreperson for Bradley Cty. Grand Jury*, No. E2009-01450-COA-R3-CV, 2010 WL 844912, at *5 (Tenn. Ct. App. Mar. 11, 2010) ("[I]t has long been settled in Tennessee that the granting of the writ of mandamus, even when the right thereto is clear, lies in the sound discretion of the court.")). The trial court commits an abuse of discretion when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

## Analysis

As an initial matter, we note that Appellant is appearing pro se before this Court, as he did throughout the proceedings in chancery court. As this Court has explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903–04 (Tenn. Ct. App. 2003) (citations omitted).

Here, the trial court dismissed Appellant's petition on the basis that Appellant failed to show a specific legal right to the relief requested as required to sustain a mandamus action and that only criminal court had jurisdiction over Appellant's claim. We agree that the trial court properly dismissed Appellant's petition, albeit on a different ground than relied upon by the trial court. *See City of Brentwood v. Metro. Bd. of*

***Zoning Appeals***, 149 S.W.3d 49, 60 n.18 (Tenn. Ct. App. 2004) ("The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result.").

Mandamus "is a special remedy in which the issues are severely limited. It is used to coerce the performance of official duties, and it issues only when there is no other specific remedy to enforce the right." ***Hayes v. Civil Serv. Comm'n of Metro. Gov't of Nashville & Davidson Cty.***, 907 S.W.2d 826, 828 (Tenn. Ct. App. 1995) (citation omitted) (citing ***State ex rel. Harned v. Meador***, 153 Tenn. 634, 284 S.W. 890 (Tenn. 1926)). The Tennessee Supreme Court has similarly referred to the writ of mandamus as "an extraordinary remedy" allowing relief "where there is no other plain, adequate, and complete method of obtaining the relief to which one is entitled." ***Meighan v. US Sprint Commc'ns Co.***, 942 S.W.2d 476, 479 (Tenn. 1997). As such,

> Mandamus generally will not be issued if the petitioner has a legal remedy that is equally convenient, complete, beneficial, and effective, but the remedy which would preclude mandamus must be equally as convenient, complete, beneficial, and effective as mandamus, and must also be sufficiently speedy to prevent material injury. 52 Am.Jur.2d *Mandamus* §§ 46, 49 (1970). Although the writ is more often addressed to ministerial acts, rather than discretionary acts, the writ may be addressed to discretionary acts when the act is done in an "arbitrary and oppressive manner" or where there has been a "plainly palpable" abuse of discretion. ***Peerless Const. Co. v. Bass***, 158 Tenn. 518, 524, 14 S.W.2d 732, 733 (1929).

***Meighan***, 942 S.W.2d at 479.

As we perceive it, the State asserts in its brief that the trial court properly dismissed Appellant's petition for a writ of mandamus because other equally effective and convenient remedies exist to correct the alleged error in this case, including by a petition for post-conviction relief and habeas corpus. Moreover, the State points out that Appellant has unsuccessfully availed himself of both post-conviction and habeas corpus proceedings in state court. *See* ***Delk v. Perry***, No. W2016-01394-CCA-R3-HC, 2017 WL 5952935, at *3 (Tenn. Crim. App. Mar. 7, 2017) (affirming dismissal of state habeas corpus petition) (hereinafter, "***Delk*** State Habeas"); ***Delk v. State***, No. W2015-01246-CCA-R3-PC, 2016 WL 4189718, at *1 (Tenn. Crim. App. Aug. 5, 2016), *perm. app. denied* (Tenn. Oct. 21, 2016) (affirming denial of Appellant's petition for post-conviction relief but remanding for correction of a clerical error) (hereinafter, "***Delk*** Post-Conviction").[5] The State also notes that Appellant's federal habeas corpus petition is

---

[5] The Delk Post-Conviction opinion also discussed the fact that Appellant had filed a petition for a writ of error coram nobis based on the alleged recantation of a witness. *Id.* at *2. The trial court, however, denied the petition as time-barred. *Id.* at *6. The Court of Criminal Appeals affirmed the dismissal on procedural grounds. *Id.*

pending. *See **Delk v. Perry***, No. 2:17-CV-02062-TLP-TMP, 2019 WL 885926, at \*1–\*3 (W.D. Tenn. Feb. 22, 2019) (denying several procedural motions).

As an initial matter, the state post-conviction proceeding cited by the State was initiated and decided by the Court of Criminal Appeals well before the corrected judgments were entered in January 2017. ***Delk*** Post-Conviction, 2016 WL 4189718, at \*1. As such, it is difficult to discern how Appellant's current claims concerning the corrected judgments could have been adjudicated in Appellant's original post-conviction proceeding.[6]

Appellant did appear to raise this issue in his state habeas corpus petition. *See **Delk*** State Habeas, 2017 WL 5952935, at \*3 (noting Appellant's argument that the State breached his plea agreement and miscalculated his pretrial credits). The Court of Criminal Appeals ruled, however, that these claims were "not cognizable in a petition for writ of habeas corpus" because neither a claim for breach of a plea agreement nor failure to award pretrial credits may be resolved in a petition for habeas relief. ***Id.*** (citing ***State v. Brown***, 479 S.W.3d 200, 212 (Tenn. 2015) ("[A] trial court's failure to award pretrial jail credits does not render the sentence illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1" or habeas corpus); ***Miller v. Easterling***, No. W2009-02175-CCA-R3-HC, 2010 WL 2787686, at \*2 (Tenn. Crim. App. July 15, 2010) ("[A]s to the claim regarding a breached plea agreement, this court previously has held that such a claim cannot be the basis for habeas corpus relief.")). As such, the record suggests that a state habeas corpus action is not an "equally convenient, complete, beneficial, and effective" remedy for Appellant's claims in this case.[7] ***Meighan***, 942 S.W.2d at 479.

Still, we cannot conclude that there was no other avenue of relief for Appellant's allegations. Here, the corrected judgments in which Appellant alleges the errors occurred were entered on or about January 20, 2017. Rule 36 of the Tennessee Rules of Criminal Procedure provides that where a corrected judgment is entered due to "errors . . . arising from oversight or omission" the defendant may appeal the new judgment under Rule 3 of the Tennessee Rules of Appellate Procedure. Rule 3 likewise provides that a defendant in a criminal action may appeal as of right "an order or judgment entered pursuant to Rule

---

[6] Appellant also filed a motion to correct an illegal judgment prior to the filing of the corrected sentence. The trial court denied the motion by order of November 4, 2015. Although Appellant appealed the denial of his motion, his appeal was dismissed after he failed to file a brief. Again, this motion could not raise the filing of the corrected judgment because it had yet to be entered.

[7] The same is generally true of a Rule 36.1 motion. As noted above, in the trial court the State also asserted, and the trial court apparently credited, that this issue could be resolved by virtue of a motion under Rule 36.1 of the Tennessee Rules of Criminal Procedure. As Appellant correctly points out in his brief, however, the Tennessee Supreme Court held that "a Rule 36.1 motion alleging that a trial court failed to award pretrial jail credits is insufficient to state a colorable claim for relief from an illegal sentence[.]"***Brown***, 479 S.W.3d at 213. The State appears to have abandoned its argument that this claim was appropriate under Rule 36.1 on appeal.

36." Tenn. R. App. P. 3(b). As such, it appears that Appellant had an appeal as of right following the issuance of the corrected judgments. There is no dispute that questions regarding pretrial jail credits may be resolved on direct appeal. *See Brown*, 479 S.W.3d at 212 ("A trial court's failure to award pretrial jail credits may certainly be raised as error on appeal . . . ."). Likewise, Appellant has pointed this Court to no authority to suggest that he would not have been able to raise his claims regarding the breach of the plea agreement or whether his plea was knowing or voluntary under the terms of the corrected judgments in a direct appeal or in a petition for post-conviction relief from the corrected judgments. *See Harris v. State*, 875 S.W.2d 662, 666 (Tenn. 1994) (holding that breach of a plea agreement accepted by the trial court is appropriate for post-conviction relief and, when particularly egregious, may result in specific performance of the plea agreement); *cf. Rountree v. State*, No. M2008-02527-CCA-R3-PC, 2009 WL 3163132, at *1 (Tenn. Crim. App. Oct. 2, 2009) (holding that a change to a judgment to include mandatory community supervision was not merely correction of a clerical error, but instead resulted in an illegal sentence; because the corrected judgment changed the sentence in a unforeseen manner, the defendant was entitled to file a post-conviction petition within one year of the corrected judgment). Again, mandamus is appropriate "only when there is no other specific remedy to enforce the right." *Hayes*, 907 S.W.2d at 828. Moreover, it is Appellant's burden to show that he is entitled to this extraordinary remedy. *See Rutherford Wrestling Club, Inc. v. Arnold*, No. M2013-02348-COA-R3-CV, 2015 WL 1955369, at *7 (Tenn. Ct. App. Apr. 30, 2015) (citing *Fed. Deposit Ins. Corp. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990)) ("The party seeking mandamus bears the burden of proving that its right to issuance is clear and indisputable."). Here, Appellant has not shown that Tennessee law fails to provide an equally effective avenue in which to seek relief from the alleged errors at issue in this case, regardless of whether Appellant chose to pursue that avenue of relief.[8] *Cf. State ex rel. Poteat v. Bowman*, 491 S.W.2d 77, 80 (Tenn. 1973) (holding that the plaintiff's petition for a writ of mandamus relating to the enforcement of an ordinance should be dismissed where he voluntarily failed to exhaust administrative remedies, as the plaintiff failed to show that the Board of Zoning Appeals could not have afforded the plaintiff full relief). Appellant has therefore failed to meet his heavy burden to show that mandamus relief was appropriate in this case. The trial court's decision to dismiss Appellant's petition is therefore affirmed.[9]

---

[8] In addition, it appears that at least one avenue of possible relief is still pending—Appellant's federal habeas corpus action.

[9] Because of the resolution of this appeal, we do not analyze the trial court's statement that this claim was properly brought in criminal court. To the extent that the trial court's order is construed as ruling that the criminal court has subject matter jurisdiction over a writ of mandamus, the trial court's ruling is not an accurate statement of the law. *See State ex rel. Jordan v. Bomar*, 217 Tenn. 494, 501, 398 S.W.2d 724, 727 (Tenn. 1965) ("Criminal Judges do not have jurisdiction to issue writs of mandamus.") (citing the precursor to Tenn. Code Ann. § 29-25-101 ("Circuit judges and chancellors have power to issue writs of mandamus, upon petition or bill, supported by affidavit.")). We also do not analyze the other arguments presented in this case, such as whether the petition was addressed to ministerial acts or

**Conclusion**

The judgment of the Hardeman County Chancery Court is affirmed. Costs of this appeal are taxed to Appellant Adrian Delk, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

whether Appellant was seeking to enforce a clearly established right.